**Jennie SCHULTZ, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 60–C–266.**

United States District Court
E. D. New York.

April 9, 1962.

Sol Zepnick, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., for defendant, Donald N. Ruby, Asst. U. S. Atty., of counsel.

RAYFIEL, District Judge.

The plaintiff, now deceased, brought this action under the Federal Tort Claims Act, Section 1346(b) of Title 28 United States Code, for damages sustained by her as a result of an accident which occurred on December 23, 1959 at a post office known as the Pratt Station, located at 520 Myrtle Avenue in the Borough of Brooklyn, City and State of New York.

She died on February 22, 1961, not as a result of the accident, and, since she died intestate and without next of kin or heirs at law, the Public Administrator of Kings County was appointed to administer her estate, and has been substituted as plaintiff herein.

These are the facts:

On December 23, 1959, there was an accumulation of snow on the streets in the vicinity of the Pratt Station. The weather report received, in evidence as defendant's Exhibit D, indicated that it had not snowed on the day of the accident; however, 2.8 inches of snow had fallen on December 21, 1959 and 3.8 inches on December 22, 1959. There was testimony that the defendant had cleaned the accumulation of snow from the entrance and the sidewalk in front of the post office for a distance of at least five feet from the building, but that beyond that there was a considerable amount of snow on the sidewalk and street.

From photographs received in evidence and testimony adduced at the trial it appears that the entrance to the Pratt Station consisted of double glass doors at the street level which led into a small vestibule, the floor of which was covered by a corrugated rubber mat. Beyond the mat were three steps leading up to a landing at the end of which was another pair of glass doors through which access was afforded to the business portion of the post office. The stairs, the landing and the floor of the post office were constructed of terrazzo. A metal handrail, attached to the wall, ran along each end of the stairs, and a third metal handrail, attached to a stand embedded in the floor, ran along the same at their center.

On the morning of the accident the post office opened to the public at 7:00 A.M. Esmon Davidson, employed therein as a custodian, arrived at work at approximately 6:00 A.M. and shortly thereafter started to mop the floor of the vestibule, steps and office. Davidson having died during the pendency of the action, his deposition was read into evidence.

He testified that the post office was quite busy on the day in question due to the approaching Christmas holiday, and people entering the post office constantly tracked snow and slush into the building. Davidson mopped the steps again at 8:00 and about every half hour or hour thereafter.

Mr. Benjamin Yahre, Superintendent of the post office, testified that he arrived at his office at about 10:30 A.M. and that he instructed Mr. Davidson to mop the steps and floor of the lobby and post office periodically in order to prevent any accumulation of snow, slush and water thereon. He stated that he observed these areas being mopped by Mr. Davidson approximately every half hour.

The plaintiff's deposition was read into evidence. She testified therein that she lived in the neighborhood of the post office, had rented a post office box for the receipt of her mail, and that at about twelve o'clock noon on December 23, 1959 she entered the post office to pick up her mail. She ascended the steps, proceeded through the main office to her box, picked up her mail, remained there about ten minutes, and then started to leave. She testified that she passed through the double doors leading to the landing in the vestibule. She was carrying her purse in her right hand. While standing on the top step to the right of the center railing she attempted to place her left hand on the railing to grasp it, when her right foot went out from under her and she slid down the steps to the floor of the vestibule. A man whom she knew helped her to her feet and she then made a report of the accident to the postal authorities. She testified further that she slipped and fell, and sustained the injuries complained of, because of the slush and mud on the floor and steps of the post office.

The plaintiff contends that the Government was negligent in permitting snow, slush and mud to accumulate on the terrazzo floor and steps, causing them to become slippery, particularly since the "weather was not inclement."

I disagree. Concededly, although it had not snowed on that day, there was an accumulation of snow on the streets adjacent to the post office on the day of the accident. Despite the fact that the entrance to, and the sidewalk in front of, the post office had been cleared of snow for a distance of at least five feet, it was inevitable that the shoes of patrons entering the premises would track snow, water and slush into the building. Recognizing that fact Mr. Yahre directed the custodian, Mr. Davidson, to mop the floor and steps periodically in order to prevent or, at least, reduce the extent of the accumulation of water, slush or snow. Those orders were carried out and the premises were mopped approximately every half hour.

What, under those circumstances, is the test to be applied? In the case of Miller v. Gimbel Bros. Inc., 262 N.Y. 107, at page 108, 186 N.E. 410, at page 410 the New York Court of Appeals set the following standard, "The owner of a store must take reasonable care that his customers shall not be exposed to danger of injury through conditions in the store or at the entrance which he invites the public to use. *He cannot prevent some water and mud being brought into an entranceway on a rainy day and he is not responsible for injuries caused thereby unless it is shown that the construction of the store is inherently dangerous or that he failed to use care to remedy conditions which had become dangerous, after actual or constructive notice of such conditions.*" (Emphasis mine.) See also Guercio v. New York Lerner Co., Sup., 63 N.Y.S.2d 664; Brunet v. S.S. Kresge Co., 7 Cir., 115 F.2d 713; Taylor v. United States, D.C., 108 F. Supp. 751.

In my opinion the Government did everything that a reasonably prudent owner could do under the circumstances and, hence, the plaintiff has failed to establish negligence on its part.

In view of the foregoing it was unnecessary to consider the question of contributory negligence.

Accordingly, judgment is rendered in favor of the defendant dismissing the complaint herein.

Submit, within ten days, findings of fact, conclusions of law and judgment in conformity herewith.