Vivian P. BOE, for herself and for the benefit of Donald Boe and Andrew Boe, her minor children, Plaintiff,

v.

The UNITED STATES of America, Defendant.

Civ. No. 4029.

United States District Court
D. North Dakota,
Southeastern Division.

Oct. 30, 1964.

* See photostatic copy of medical history of plaintiff (P.D. Form 51), page 2.

John Hjellum, of Hjellum, Weiss, Nerison & Jukkala, Jamestown, N. D., for plaintiff.

Gordon Thompson and Gary Annear, Asst. U. S. Attys., Fargo, N. D., for defendant.

RONALD N. DAVIES, District Judge.

This is a civil action brought by the Plaintiff, Vivian P. Boe, for herself and the benefit of her two minor children, arising out of an injury to her husband, Arthur Howard Boe, suffered when he slipped, stumbled or fell on the steps of the United States Post Office in New Rockford, North Dakota, at approximately 10:30 a. m., February 18, 1963. Plaintiff ascribes her husband's death on March 10, 1963, to his injury of February 18th and alleges the decedent died as a direct and proximate result of his fall on the Post Office steps.

Jurisdiction in this Court is conferred by 28 U.S.C.A. §§ 1346(b) and 2671–2680.

The threshold question here presented is whether the Defendant was guilty of any negligence which was a direct and proximate cause of the accident as a result of which Mr. Boe was injured. If this issue is resolved adversely to the Defendant, a second question is reached. That is whether Mr. Boe's death was precipitated by the accident, allegedly setting in motion a series of physical ailments resulting in his death on March 10, 1963.

The questions here presented are entirely of fact. No questions of law are involved. It is well settled that the United States is liable in tort claims of this type in the same manner and to the same extent as a private individual under like circumstances. The evidence disclosed that New Rockford is a city of some 2,300 inhabitants without home mail delivery. Patrons must secure their mail at the Post Office. During the night preceding the morning of the accident, snow had fallen and admittedly the Post Office steps, built of a smooth granite, were slippery.

Arthur W. Haag, part-time custodian of the Post Office premises, arrived for work on the morning of the unfortunate accident at 4:30 a. m. and remained until 7:30 a. m. He cleaned the steps leading into the Post Office before he left at 7:30 a. m. and sprinkled sand upon them. It snowed intermittently all that same morning in New Rockford. There was evidence of snow and sand on the steps at the time of the accident.

The decedent, according to an eyewitness looking directly at the Post Office steps from his place of employment across the street, was clad in appropriate clothing and wearing overshoes. He started up the steps with his right hand on the right-hand rail, shown in Exhibits 6, 7 and 8, respectively, when he slipped, stumbled or fell. He was promptly hospitalized and was shown to have fractured the left femur in the accident.

It will be noted that abrasive strips had been installed on the steps and were in place at the time of the accident, in addition to hand rails on either side of the steps. Moreover, the decedent, a long-time resident of New Rockford, was familiar with the steps as were countless other residents of that city.

There was much testimony by Post Office employees that patrons had complained of the steps and, in consequence, New Rockford postal authorities had referred such complaints to the General Services Administration for appropriate attention. Other persons were shown to have slipped or stumbled on the steps prior to the unfortunate accident involving Arthur Howard Boe. Significantly, however, since the installation of the safety strips on the Post Office steps in

944

the fall of 1962, no one was reportedly injured on those steps thereafter aside from Mr. Boe.

The mere fact of an occurring accident does not carry with it any imputation of negligence, either of omission or commission. The burden was on the Plaintiff here to show by a fair preponderance of the evidence that the United States by its agents, servants or employees was in some manner negligent before there may be a recovery under the Federal Tort Claims Act. The Plaintiff's proof has fallen far short of meeting this burden.

Having provided hand rails, having caused abrasive strips to be laid on the Post Office steps, having caused them to be swept and sanded the very morning of the accident, demonstrates the Government's knowledge of, and concern for the care and safety of invitees going in and out of the Post Office.

The fact that personnel of the New Rockford Post Office urged erection of a covered entrance is of no consequence here. It probably would have caused more problems than it would have cured. The Government is under no more of a duty to enclose its Post Office steps than any private businessman or citizen is to enclose his.

Residents of North Dakota are not accustomed to year around climatic conditions such as exist in areas of the southern and southwestern states. They are wholly familiar with ice, snow, sleet and rain. Surely it may not be argued persuasively that during a period of intermittent snowing it is necessary to keep steps and sidewalks entirely free of snow and ice at all times. This is a practical impossibility.

The Government has successfully demonstrated upon the trial of this cause that it did or caused to be done that which an ordinarily prudent man would have done in the same or similar circumstances. No more may be expected of the Defendant. The Government is not the guarantor of the safety of every invitee in or about its premises.

All of the credible evidence indicates that the decedent slipped, stumbled or fell under circumstances no ordinarily prudent man could reasonably foresee. The decedent is shown to have been a careful and cautious man, and it is conceded that he was not guilty of any contributory negligence. It is, however, one thing to be wholly free of contributory negligence and quite another to establish negligence on the part of the Defendant.

Finding as a matter of fact that the Defendant here may not be held liable for the injury sustained by the decedent by reason of Plaintiff's failure of proof in attempting to establish negligence on the part of the United States, it is unnecessary to consider whether the death of Arthur Howard Boe may be traced to the accident of February 18, 1963.

Finding that the Plaintiff has failed to meet the burden of proof imposed by law, the Defendant is entitled to a dismissal of the action as prayed for.

The attorneys for the United States will prepare and submit through the Clerk of this Court a judgment for a dismissal of the action against the Defendant without costs.

This Memorandum is considered compliance with Fed.R.Civ.P., Rule 52(a), 28 U.S.C.A.