**Vivian P. BOE, for Herself and for the Benefit of Donald Boe and Andrew Boe, Her Minor Children, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18005.**

United States Court of Appeals
Eighth Circuit.

Nov. 9, 1965.

---

John Hjellum, of Hjellum, Weiss, Nerison & Jukkala, Jamestown, N. D., for appellant.

Gordon Thompson, Asst. U. S. Atty., Fargo, N. D., made argument for appellee and filed brief with John O. Garaas, U. S. Atty., Fargo, N. D.

Before MATTHES and GIBSON, Circuit Judges, and REGAN, District Judge.

PER CURIAM.

On February 18, 1963, Arthur Howard Boe sustained injuries as the result of falling on the steps of the Post Office in New Rockford, North Dakota. Claiming that Boe's death, on March 10, 1963, was proximately caused by the injuries he sustained in the fall, his widow, for herself and on behalf of her two minor children, instituted this wrongful death action against the United States, pursuant to the Federal Tort Claims Act, 28 U.S.C.A., §§ 1346(b), and 2671–2680.

The key issue below was whether the Government was negligent in improperly maintaining the steps and in failing to make adequate provisions to prevent rain, snow or sleet from falling and collecting on them. After a plenary hearing, the District Court (Judge Davies) found that there was insufficient evidence to establish actionable negligence on the part of the Government and rendered judgment against plaintiff. Boe v. United States, D.C., 234 F.Supp. 942 (1964). The pertinent facts are fully stated by Judge Davies in his opinion.

Basically, the question here is whether the evidence *compelled* a finding that the Government was negligent in the construction and maintenance of the steps. Under the law of North Dakota, the Government was required to exercise reasonable care to maintain the steps in a safe condition, but it was not an insurer of the safety of persons entering or leaving the Post Office. In this connection, the trial court found:

"The Government has successfully demonstrated * * * that it did or caused to be done that which an ordinarily prudent man would have done in the same or similar circumstances." 234 F.Supp., at 944.

Although North Dakota law must be applied, 28 U.S.C.A., § 2674; United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963), we note that in two other jurisdictions, the courts have, on similar facts, found the Government not negligent: Dix v. United States (N.Y.), 296 F.2d 20 (2 Cir. 1961), where plaintiff claimed that the Government was negligent in failing to remove snow from an area near the mail box; Schultz v. United States (N. Y.), 203 F.Supp. 941 (E.D.N.Y.1962), where plaintiff claimed that the Government was negligent in permitting snow, slush and mud to accumulate on a terrazzo floor and steps of a post office; Valente v. United States (Ohio), 264 F.2d 800 (6 Cir. 1959), where plaintiff claimed that the Government was negligent in failing to remove snow and ice from a sidewalk in front of the post office.

Of course, it is fundamental that appellant is not entitled to a trial de novo of the negligence issue. Having

carefully examined the record, we are in agreement with the district court's conclusions of law and find no reason to disagree with its findings of fact. They are amply supported in the record. Certainly they are not clearly erroneous. We, therefore, affirm, on the basis of the trial court's opinion.