Clinton Martin **FLEISHOUR**, Plaintiff-Appellant,

v.

**UNITED STATES** of America, **Defendant-Appellee.**

No. 15433.

United States Court of Appeals
Seventh Circuit.
July 7, 1966.

Elmer Gertz, Sidney Z. Karasik, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Lawrence Jay Weiner, Thomas W. James, Asst. U. S. Attys., Chicago, Ill., Alan S. Rosenthal, Richard S. Salzman, Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., for appellee.

Before HASTINGS, Chief Judge, KNOCH, Circuit Judge, and GRUBB, District Judge.

KNOCH, Circuit Judge.

The plaintiff-appellant, Clinton Martin Fleishour, sued under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2674, to recover damages for personal injuries arising out of an incident at McNeil Island, Washington, a federal penitentiary, when he was assaulted and battered by a fellow prisoner, Troy Lee Stringfellow. The case was tried on the severed issue of liability alone.

The plaintiff's position is that the government was charged with the duty of providing him with suitable quarters, care and protection from assaults of other prisoners, and that the government was negligent in failing to prevent injury to him. The plaintiff argues that the government was well aware of the danger as Stringfellow had a long record of misconduct in the comparatively unrestricted reformatory at Lampoc, California, from which he and the plaintiff were transferred to the medium security of McNeil Island. The plaintiff contends that despite the warnings of Stringfellow's violent proclivities, the government was negligent in the manner of housing the transferrees in the Admissions and Orientation building, where they were kept from arrival on December 13th to December 15/16, 1960, the night of the assault. The sleeping area in that building includes a dormitory with two rows of beds on the first floor, and three floors above which each contain a cell block of 20 individual cells. On the night of the assault the number of prisoners exceeded the number of individual cells. About 40 prisoners, including plaintiff and Stringfellow, were assigned to the dormitory room.

At about 2:30 a. m. Stringfellow struck the sleeping plaintiff with a fire extinguisher, which had been on the wall of the dormitory, inflicting serious injury. At this time, the Senior Correctional Officer, responsible for supervision of the three cell blocks and the dormitory floor, was sorting mail at his station desk on the floor above the dormitory. He came down to investigate the noise and found Stringfellow being restrained by a fellow inmate. The plaintiff was on the floor bleeding profusely.

128

The government contends (inter alia) that jurisdiction under the Federal Tort Claims Act was lacking because the action was based on an exercise of a discretionary function involving a decision that on transfer to a new place of confinement, federal prisoners will be treated as having a "clean slate" and not be placed in solitary confinement for disciplinary infractions committed at the institution from which they have been removed.

The District Judge concluded that the Complaint was not addressed merely to high level policy decisions but dealt with such "operational" level questions as adequate guarding or supervision and the presence of a fire extinguisher in the room.

 It is agreed that the test of government liability under the Act turns on "whether a private individual under like circumstances should be liable under state law." United States v. Muniz, 1963, 374 U.S. 150, 153, 83 S.Ct. 1850, 1853, 10 L.Ed.2d 805. The issue of negligence is governed by the law of the State of Washington where the alleged negligence occurred. Stewart v. United States, 7 Cir., 1951, 186 F.2d 627, 630, cert. den. 341 U.S. 940, 71 S.Ct. 1000, 95 L.Ed. 1367. Under Washington law, there must be proof of negligence, United States v. Coffey, 9 Cir., 1956, 233 F.2d 41, 43; custodial officials are presumed to have carried out their duties properly, although that is a rebuttable presumption. Eberhart v. Murphy, 1920, 113 Wash. 449, 194 P. 415, 417; Riggs v. German, 1914, 81 Wash. 128, 142 P. 479. The existence of negligence presents an issue for the trier of the facts. Perry v. Seattle School District No. 1, 1965, Wash., 405 P.2d 589, 592.

 The evidence shows, as the District Judge concluded, that all of the transferrees had been trouble makers and had disciplinary problems at Lampoc—although plaintiff argues that Stringfellow's record was much more serious than his own.

In addition to the testimony of the plaintiff, made available by deposition, the District Judge had the benefit of expert penologist witnesses, from which evidence he determined that it was accepted practice when prisoners were transferred from an institution where they have had conflicts with the authorities and have failed to make a satisfactory adjustment, to give them an opportunity to make a fresh start at the new institution.

The District Court held that the officials at McNeil had acted reasonably in a manner consistent with accepted prison practice at the time involved; that plaintiff had not established by a preponderance of the evidence that the officials were negligent. He entered judgment for the defendant.

As to the presence of a fire extinguisher, there was testimony to the effect that fire fighting equipment was essential and, as the inmates must themselves participate in fighting fires, the equipment has to be readily available to them.

An infinite variety of objects may be used as weapons, as the testimony indicated, and the District Court recognized that all such objects could not be removed. One expert witness said that one of the most serious cases of injury of one prisoner by another which he had seen had been caused by a prisoner in church armed with a heavy Bible, but that this was the first attack to his knowledge with a fire extinguisher removed from the wall.

The District Court in speaking of the impracticability of complete isolation for all prisoners of assaultive tendencies and its fatal effect on any hope of rehabilitation, made reference to "calculated risks."

The plaintiff argues that taking a calculated risk indicates that plaintiff's jailers foresaw the risk of harm to him but took no appropriate preventive action. We think that plaintiff has misinterpreted the Judge's use of this phrase. It is clear that he found no negligence on the part of the defendant. His deter-

mination finds support in the record and cannot be said to be clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure. His judgment must be affirmed.

Affirmed.