Johnny Sanders BOURGEOIS, Jr.

v.

UNITED STATES of America.

Civ. A. 3–7754–B.

United States District Court,
N. D. Texas,
Dallas Division.

April 25, 1974.

Dennis L. White and Edward V. Smith, III, Dallas, Tex., for plaintiff.

Roger Allen, Asst. U. S. Atty., Dallas, Tex., and George M. Fleming, Trial Atty., Civil Division, U. S. Dept. of Justice, Washington, D. C., for United States.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HUGHES, District Judge.

This cause came on for trial and the Court, having heard the evidence and considered the interrogatories and deposition of the Plaintiff and hearing the testimony of the Defendant's witnesses finds the facts and states the conclusions of law as follows:

### Findings of Fact

1. On August 16, 1972, the Plaintiff, Johnny Sanders Bourgeois, Jr., was an inmate in the United States Penitentiary at Leavenworth, Kansas.

2. At approximately 10:30 a.m. on the morning of August 16, 1972, the Plaintiff was assaulted by Charles Miller, an inmate at Leavenworth, who hurled a Molotov cocktail in the form of two (2) glass jars wired together and containing a flammable liquid into Plaintiff's cell which ignited him and the contents of his cell.

3. Plaintiff's exit from the burning cell was hampered because the cell door was wired together with copper wire and a towel by Miller.

4. Shortly before the fire at approximately 9:45 a.m., Robert Douthitt, a correctional officer at Leavenworth Penitentiary, observed inmate Charles Miller tampering with the dead lock system controlling the cells on the second tier of cell house B. Miller and Bourgeois were both housed on this tier.

5. The dead lock system locks the cell doors in whatever position they rest at the time the dead lock lever is operated.

6. Tampering with any dead lock device is a violation of prison rules at Leavenworth Penitentiary.

7. Inmate Charles Miller was in violation of prison rules when he tampered with the dead lock on the second tier of cell house B at Leavenworth Penitentiary.

8. Tampering with the dead lock is not a common infraction of prison rules.

9. Robert Douthitt, the correctional officer, took no precautionary or disciplinary action upon observing inmate Miller tampering with the dead lock.

10. Tampering with the dead lock system is of such a serious nature with the inmates at Leavenworth Penitentiary that an inmate found so doing might be killed by other inmates.

11. Charles Miller was subsequently convicted for assault to murder the Plaintiff.

12. At the trial of Charles Miller, Douthitt testified concerning the dead

lock system and Miller's tampering with the system.

13. The failure of Douthitt to take precautionary action upon observing Miller tampering with the dead lock was negligence.

14. The negligence of Douthitt in failing to take precautionary action was a proximate cause of the injury to Bourgeois.

15. Flammable liquids are considered contraband at Leavenworth Penitentiary and are not permitted to be in possession of the inmate population by prison rules.

16. Flammable liquids were readily accessible to the inmate population at Leavenworth Penitentiary at the time of the assault on the Plaintiff.

17. Prison rules provide that inmates should have access to flammable liquids only under supervision by a non-inmate such as a paint supervisor.

18. Cell house B at Leavenworth Penitentiary at the time of the assault on the Plaintiff was undergoing painting and quantities of flammable liquids were stored in the cell house.

19. Flammable liquids were stored in containers and locked cells on cell house B where they could be obtained by the use of a broom or mop handle to draw the containers to the bars of said cells.

20. The storing of flammable liquids in a cell when the liquids could be easily reached by the use of a broom handle put through the bars was negligence.

21. The negligence of the Leavenworth officials in having the flammable liquids easily accessible was a proximate cause of the injuries of Bourgeois.

22. The Defendant provided only one supervisor and one correctional officer for 534 inmates in cell house B and 182 in a dormitory area at the time of the assault on Plaintiff.

23. At the time of the assault on Plaintiff the supervisor was away and the cell house office was left in charge of an inmate clerk.

24. The failure of the Leavenworth officials to have sufficient personnel to watch out for the safety of inmates was negligence.

25. The negligence of Leavenworth officials in failing to have sufficient personnel on duty to watch for the safety of inmates was a proximate cause of the injuries of Bourgeois.

26. As a result of the assault on the Plaintiff he suffered severe third degree burns over at least 30% of his body.

27. The Plaintiff will have permanent scars as a result of said burns.

28. Plaintiff was in prison hospitals for a period of four (4) months undergoing a painful course of treatment to heal said burns.

29. The injuries suffered by the Plaintiff as a result of such assault caused him severe pain and suffering.

30. The Plaintiff has nightmares and anxiety as a result of said assault and resulting injuries.

31. Plaintiff has suffered damages in the sum of $25,000 for pain and suffering in the past and in the future which he will in reasonable probability suffer.

32. Prior to the assault on the Plaintiff he had been trained as a welder and was capable of earning a living utilizing that trade.

33. Plaintiff's ability to make a living as a welder has been impaired by the injuries he suffered as a result of such assault.

34. Plaintiff will suffer $15,000 for loss in earning capacity which in reasonable probability he will suffer in the future.

## CONCLUSIONS OF LAW

1. Recovery for Plaintiff's injuries is within the scope of the Federal Tort Claims Act, 28 U.S.C., Sections 1346(b), 2671 et seq. *See* Muniz v. United States, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963).

2. In a suit by an inmate of a federal penal institution for injuries sus-

tained as the result of an assault by another inmate, the United States ". . . shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances . . .", 28 U.S.C. § 2674, according to ". . . the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). *See* Muniz v. United States, *supra*; Cohen v. United States, 252 F. Supp. 679 (N.D.Ga.1966), rev'd on other grounds, 389 F.2d 689 (5th Cir. 1967).

3. Under Kansas law elements necessary for actionable negligence are: (a) a duty on the part of Defendant to protect Plaintiff from injury of which he complains, (b) Defendant's failure to perform that duty, and (c) an injury to Plaintiff which proximately results from such failure.

4. The Defendant, United States of America, owed the Plaintiff a duty of care by virtue of the provisions of 18 U.S.C., Section 4042, which reads in pertinent part:

"The Bureau of Prisons, under the direction of the Attorney General, shall—

(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;

(3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States; "

5. In discharge of its duty of protection and safekeeping of prisoners, officers at federal prisons must exercise ordinary diligence to keep prisoners safe and free from harm.

6. Allowing inmates to have unsupervised access to flammable liquids constitutes negligence on the part of the Defendant.

7. Failure to provide adequate supervisory personnel of inmates on cell house B at the time of the assault on Plaintiff constitutes negligence on the part of the Defendant.

8. The failure of Defendant to take precautionary action upon discovering an inmate tampering with the dead lock system on tier two of cell house B constitutes negligence on the part of the Defendant.

9. The Defendant's acts of negligence breached its duty of care and protection to Plaintiff as fixed by 18 U.S. C., Section 4042. *Cf.* Fleishour v. United States, 365 F.2d 126 (7th Cir. 1966), cert. den. 385 U.S. 987, 87 S.Ct. 597, 17 L.Ed.2d 448 (1966). *But see* Cohen v. United States, *supra*.

10. Each of Defendant's acts of negligence was a proximate cause of the Plaintiff's injuries.

11. As a result of said injuries Plaintiff suffered pain and suffering for which he should be compensated by damages in the sum of $25,000.

12. As a result of said injuries Plaintiff will suffer a loss of future earnings for which he should be compensated by damages in the sum of $15,000.