Tinesha LAKE, a minor by Queen Lake, her mother and next friend, Plaintiff,

v.

UNITED STATES of America, U.S. Department of Housing and Urban Development, Paul E. Knoppel, Hobbs & Grubbs, Inc., a corporation, General Realty & Building Company, a corporation, Robert Boose, Mode Boose, and Lois Preston, Defendants.

No. 81 C 0533.

United States District Court, N.D. Illinois, E.D.

Aug. 14, 1981.

Frank J. Mackey, Jr., John P. Block, Chicago, Ill., for plaintiff.

Gail C. Ginsberg, Asst. U. S. Atty., Dan K. Webb, U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff, Queen Lake ("Lake"), brought this action on behalf of her daughter, Tinesha Lake ("Tinesha"), a minor, against defendants United States of America ("United States"), United States Department of Housing and Urban Development ("HUD"), Paul E. Knoppel ("Knoppel"), the Acting Chief Property Officer for HUD, Hobbs & Grubbs, Inc., a corporation, General Realty & Building Company, a corporation, Robert Boose, Mode Boose, and Lois Preston ("Preston"). Lake seeks damages against the defendants for injuries sustained by Tinesha while playing on the premises of residential property conveyed by HUD to Preston.[1]

The facts in this case are fairly straightforward. On April 4, 1979, HUD, through Knoppel as seller, conveyed title to the residential property in question to Preston for $500 subject to a buyer rehabilitation escrow agreement. According to the agreement, Preston accepted the responsibility and expense of rehabilitating the building in compliance with the City of Chicago's housing and building code requirements

within 180 days of the date of closing. On August 28, 1979, Tinesha, then age nine, sustained injuries in a fall from a porch on the property in question. The porch was allegedly in a hazardous condition, and Lake asserts that no attempt had been made to give warning or to prevent the access of children to the property. Lake brought suit to recover damages arising from the injuries sustained by Tinesha in the fall.

This case is now before the Court on the federal defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In the alternative, the federal defendants move for summary judgment under Federal Rule of Civil Procedure 56(b). In considering a motion to dismiss, the Court must accept as true all material allegations of fact contained in the complaint. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Conley v. Gibson*, 355 U.S. 41, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).[2]

The United States argues that the claims against it should be dismissed as defective on their face for failure to allege the elements necessary to establish the liability of a vendor for injuries sustained after the transfer of title. The general rule in Illinois[3] is that the vendor of real property is not liable for injuries sustained subsequent to the transfer of possession and control. *Anderson v. Cosmopolitan National Bank of Chicago*, 54 Ill.2d 504, 301 N.E.2d 296 (1963); *Century Display Manufacturing Company v. D. R. Wagner Construction, Inc.*, 77 Ill.2d 428, 17 Ill.Dec. 664, 376 N.E.2d

---

1. Federal jurisdiction is invoked pursuant to the Federal Torts Claims Act, 28 U.S.C. § 2671 *et seq.* Jurisdiction over the state tort claims is premised on the doctrine of pendent jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

2. The parties agree that only the United States can be sued under the Federal Torts Claims Act, 28 U.S.C. § 1346(b), and that neither HUD nor Knoppel are proper defendants. *Bledsoe v. Department of Housing and Urban Development*, 398 F.Supp. 315 (E.D.Pa.1975). Accord-

ingly, the complaint is dismissed as to HUD and Knoppel, leaving the United States as the sole federal defendant. It is so ordered.

3. State law is applied in actions under the Federal Torts Claims Act. *Fleishour v. United States*, 365 F.2d 126 (7th Cir. 1966), *cert. denied*, 385 U.S. 987, 87 S.Ct. 597, 17 L.Ed.2d 448; *Boe v. United States*, 352 F.2d 551 (8th Cir. 1965); *Woodbury v. United States*, 313 F.2d 291 (9th Cir. 1963).

993 (1978) Restatement 2d (Torts) § 352. An exception to this general rule is that the vendor may be held liable when he actively conceals or fails to disclose to the vendee any condition which involves an unreasonable risk to persons on the land. *Anderson v. Cosmopolitan National Bank of Chicago, supra*; Restatement 2d (Torts) § 353 ("§ 353"). The complaint fails to allege, however, that the United States concealed or failed to reveal the condition of the property when it was sold to Preston. In the absence of such allegations the transaction falls within the general rule relieving the vendor of responsibility after transfer of title to real estate. Thus the present complaint fails to state a claim upon which relief can be granted against the United States. Accordingly, the complaint must be dismissed as to the United States.

■ Even had Lake alleged the elements necessary to state a claim for relief under § 353, the uncontroverted evidence presented by the United States in support of its motion for summary judgment would warrant a decision in its favor on that claim as a matter of law. It is clear from the language of the deed that the United States did not attempt to conceal the dilapidated condition of the property conveyed to Preston. Furthermore, in order for the vendor to remain responsible for hazardous conditions not revealed to the vendee, the condition must have been one that the vendee did not know or have reason to know existed. The evidence indicates that Preston did have reason to know of the condition of the property at the time title was transferred.[4] The total sale price of $500 and the escrow rehabilitation agreement would give a reasonable person notice as to the general disrepair and dilapidation of the building. Moreover, paragraph two of the escrow agreement expressly states:

> The property described in the Contract of Sale contains violations of the Housing and Building Code of the City of Chicago. Such existing violations shall be eliminated by the Purchaser at his own expense in accordance with City requirements within 180 days of closing of this sale.

In addition, the hazardous condition which caused the injury should have been fully apparent from a simple visual inspection of the property as it was observable and photographable from the outside of the house. As the escrow period neared termination, Preston should have made many inspections of the property in the course of bringing it to compliance with city requirements in accordance with the rehabilitation agreement. The comments to § 353 state that "[a] vendor, innocent of conscious deception, is entitled to expect, and therefore has reason to believe, that his vendee will discover a condition which would be disclosed by such an inspection as the vendee should make before buying the land and taking possession of it or before throwing it open to the entry of others. A vendor, therefore, is not required to exercise care to disclose dangerous conditions ... unless the condition is one which such an inspection by the vendee would not discover...." Restatement 2d, Torts § 353(1) (comment d). All of these factors strongly support the conclusion that Preston had reason to know of the hazardous condition of the porch. Such knowledge or reason to know on the part of Preston precludes any argument that the responsibility for the hazardous condition remained with the United States after it transferred title to the real estate.

■ While the non-moving party faced with a motion for summary judgment is entitled to all reasonable inferences in its favor, it may not merely rely on the allegations in its pleadings but rather must affirmatively set forth specific facts in affidavits or otherwise showing that there are issues that must be decided at trial in response to the moving party's assertions that

---

4. In the original response to the defendants' motion for summary judgment Lake requested that the motion be denied until she could de-
pose Preston. She has since reported that Preston could not be located and agreed to move forward on the present evidence.

no genuine material issues of fact exist. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289–90, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968); *Kirk v. Home Indemnity Co.*, 431 F.2d 554, 560 (7th Cir. 1970). Lake has failed to bring forth evidence that Preston did not or should not have known of the condition of the porch. Thus, even had Lake alleged the elements necessary to state a claim for relief under § 353 of the Restatement, the evidence presented by the United States would warrant a decision in its favor as a matter of law on that claim.

The federal defendants' motion to dismiss or, in the alternative, for summary judgment having been granted, the pending claims against the state defendants are the sole remaining claims in this case. It is established that if the federal claims are dismissed at an early stage in the proceedings, the pendant state claims should be dismissed as well. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966). Accordingly, the remaining tort claims against the state defendants are dismissed for lack of subject matter jurisdiction.

To summarize, the federal defendants' motion to dismiss the complaint for failure to state a claim is granted. In the alternative, even assuming that the complaint facially stated a claim, the United States is entitled to summary judgment as a matter of law. The pendent state claims are also dismissed for lack of federal subject matter jurisdiction. It is so ordered.