Titus **BROOKS**, a minor, by Yvonne **BROOKS**, his mother and next friend, and Yvonne **Brooks**, individually, **Plaintiffs**,

v.

**UNITED STATES of America and Moses Dosu, Defendants.**

No. 88 C 1967.

United States District Court, N.D. Illinois, E.D.

April 21, 1989.

Stacy Fleisher Friedland, Joel M. Kaplan, Karlin & Fleisher, Chicago, Ill., for plaintiffs.

Gail C. Ginsberg, Asst. U.S. Atty., Chicago, Ill., for U.S.

Robert J. Kopka, Darrah Desmond Cousino, Landau, Omahana & Kopka, Ltd., Chicago, Ill., for Moses Dosu.

## ORDER

NORGLE, District Judge.

Before the court is plaintiffs' motion to amend the complaint, and the federal defendant's motion for judgment on the pleadings, or in the alternative, for summary judgment. For the following reasons,

the motion to amend the complaint is granted, the motion for judgment on the pleadings is denied, the federal defendant's motion for summary judgment is granted, and defendant Moses Dosu is dismissed without prejudice. As a result of these rulings, the court need not rule on plaintiffs' subsequently filed Motion for Summary Judgment on the counterclaim.

## FACTS

The federal defendant Veterans Administration ("VA" or "United States") took title to the property in question, commonly known as 4946 W. Jackson St., Chicago, Illinois, ("the property") by a Sheriff's Deed dated March 30, 1984. On August 30, 1984, defendant Moses Dosu purchased the property from the VA, and took exclusive possession and control of the property.

The minor plaintiff, Titus Brooks (the "minor"), and his family moved into the 2nd floor apartment of the property (the "apartment") in November, 1984. Plaintiffs allege that in September and October of 1986, the minor ingested flaking plaster and/or paint which was in the apartment and/or common elements where he lived, and that such ingestion has caused injury to the minor.

Plaintiffs subsequently brought this two count action. Count I of plaintiffs' Amended Complaint is the minor's tort action against the United States for his personal injuries. *See* Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* Count II of the Amended Complaint is the mother's claim for the medical expenses she has and will become liable for during the minor's minority, pursuant to the Family Expense Act, Ill Rev.Stat., ch. 40, ¶ 1015 (1987).

## AMENDED COMPLAINT AND JUDGMENT ON THE PLEADINGS

Plaintiffs seek to amend the Complaint. *See* Fed.R.Civ.P. 15(a). The federal defendant objects to the filing of the Amended Complaint on three grounds. First, the federal defendant objects to the delay in filing of the Amended Complaint. However, under the facts of this case, the delay neither benefits plaintiffs nor prejudices defendants.

Second, the federal defendant argues that the Federal Tort Claims Act limits the amount of damages requested in a complaint to the amount of the claim presented to the administrative agency, in this case, the claim presented to the Administrator of Veterans Affairs. *See* 28 U.S.C. § 2675(b). However, there is an exception to this rule: where the increased amount is based on newly discovered evidence not reasonably discoverable at the time the claim was presented to the federal agency. *Id.* Here, plaintiffs allege that the full extent of the minor plaintiff's disability and the consequences of his illness could not have been discovered at the time the administrative claim was presented. The federal defendant makes no argument to the contrary. Therefore, for purposes of this motion, the court finds the exception applicable to this case.

Third, the federal defendant argues that the court has no subject matter jurisdiction over Count II of the Amended Complaint. However, this argument is no more applicable to Count II of the Amended Complaint than to Count II of the original Complaint. An objection to the filing of an amended complaint should only contain objections to the contents of the amended complaint which vary from those of the previously filed complaint. The federal defendant's argument would be more appropriately raised in a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1). Therefore, the court rejects the jurisdictional argument in the context of this motion.[1]

For these reasons, plaintiffs are granted leave to file the Amended Complaint. The Motion for Judgment on the Pleadings is denied, as the Amended Complaint cures the defects described in the Motion for Judgment on the Pleadings. The court

---

1. If the court were to rule on this issue, it would first remand the issue to the parties for more extensive briefing; between the parties' memoranda, only one case is cited regarding this issue.

now turns to the Motion for Summary Judgment.

## SUMMARY JUDGMENT

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which supports his complaint. *Id.; see First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Accordingly, the nonmoving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.*

■ The parties are in essential agreement as to the legal requirements for establishing the liability of the federal defendant. Illinois law applies to this action. *See Fleishour v. United States*, 365 F.2d 126, 128 (7th Cir.), *cert. denied*, 385 U.S. 987, 87 S.Ct. 597, 17 L.Ed.2d 448 (1966). Illinois has adopted Sections 352 and 353 of the Restatement (Second) of the Law of Torts (1965). *Martin v. 1727 Corp.*, 120 Ill.App.3d 733, 76 Ill.Dec. 336, 339, 458 N.E.2d 990, 993 (1983); *Century Display Mfg. Corp. v. D.R. Wager Construction Co., Inc.*, 71 Ill.2d 428, 17 Ill.Dec. 664, 666, 376 N.E.2d 993, 995 (1978). Section 352 of the Restatement sets forth a general rule that the liability of a landowner for injuries occurring in connection with the property ends with the cessation of ownership, possession and control of the property. *Martin*, 76 Ill.Dec. at 339, 458 N.E.2d at 993. However, Section 353 of the Restatement creates an exception to this general rule of nonliability:

> Sec. 353. Undisclosed Dangerous Conditions Known to Vendor
>
> (1) A vendor of land who conceals or fails to disclose to his vendee any condition, whether natural or artificial, which involved unreasonable risk to persons on the land, is subject to liability to the vendee and others upon the land with the consent of the vendee or his sub-vendee for physical harm caused by the condition after the vendee has taken possession, if
>
> (a) The vendee does not know or have reason to know of the condition or the risk involved, and
>
> (b) the vendor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to believe that the vendee will not discover the condition or realize the risk.
>
> (2) If the vendor actively conceals the condition, the liability stated in Subsection (1) continues until the vendee discovers it and has reasonable opportunity to take effective precautions against it. Otherwise the liability continues only until the vendee has had reasonable opportunity to discover the condition and to take such precautions.

Thus, to establish liability of the United States, plaintiffs must demonstrate each of the following material facts. First, that at the time of the sale of the property to Moses Dosu, lead-based paint existed in the apartment, in violation of 77 Illinois Administrative Code, Chap. 1, Sec. 845.10–845.60, and/or various portions of the Municipal Code of the City of Chicago. Second, that plaintiffs' injuries resulted from ingestion of that paint. Third, that the federal defendant knew or had reason to know of this fact. Fourth, that the federal defendant concealed or failed to disclose the existence of the lead based paid from Dosu. And

fifth, that Dosu neither knew nor had reason to know of the existence of the lead-based paint.

Plaintiffs have failed to bring forth significant evidence that lead-based paint existed in the apartment at the time of sale to Dosu. Plaintiffs present evidence that a 1987 City of Chicago housing inspection found lead-based paint in the apartment. However, it is undisputed that the apartment was painted three times subsequent to the sale to Dosu but prior to the 1987 housing inspection, and there is no indication as to whether these subsequent paintings used lead-based paint. Thus, evidence that lead-based paint existed in the apartment in 1987 is not itself sufficient evidence for a reasonable jury to conclude that plaintiffs have demonstrated by a preponderance of the evidence that lead-based paint existed in the apartment at the time of sale in 1984.

Plaintiffs have also failed to demonstrate that their injuries resulted from the existence of lead-based paint in the apartment. The 1987 notice from the City housing inspector states that lead-based paint was found on the exterior window sill and trim of two windows. Plaintiffs present no evidence that this was the cause of the minor's alleged lead poisoning. Without further evidence, no reasonable jury could simply assume that if the child ingested lead, it must have been from the exterior window sill of his home, a difficult place for a small child to reach, rather than some other source of lead.

Even if one were to assume that the apartment contained lead-based paint at the time of the sale in 1984, and that this paint caused plaintiffs' injuries, plaintiffs have brought no evidence to the court's attention to indicate that the federal defendant knew or had reason to know of the presence of lead-based based in the apartment. Thus, plaintiffs have failed to provide any evidence that they can satisfy this crucial prerequisite to invoking the exception stated in § 353 of the Restatement (Second) of Torts.[2]

The court has enumerated five material facts plaintiffs must demonstrate to establish the liability of the federal defendant. Plaintiffs have failed to demonstrate that a genuine issue exists as to the first three. In fact, plaintiffs do not even address any of these three facts. Consequently, the court finds that at least three independent grounds for granting summary judgment in favor of the federal defendant exist. As a result, the court need not determine whether genuine disputes exist as to fourth and fifth conditions.[3]

■ The court addresses one final issue not raised by the parties. That issue is the court's jurisdiction (or lack thereof) over defendant Moses Dosu after the entering of summary judgment in favor of the federal defendant. The Amended Complaint states no grounds for jurisdiction over Dosu. Moreover to the extent that plaintiffs could have invoked pendant jurisdiction, that jurisdiction vanishes upon summary judgment in favor of the federal defendant. *See United Mine Workers v.*

**2.** Plaintiffs have not argued that the federal defendant, simply by virtue of the fact that it owned the property, or the fact that the building was old, as a matter of law should have known of the lead-based paint on that property. If the court were to accept such an argument, the court might also have to accept the argument that the buyer, by virtue of his subsequent ownership of the property and awareness of the fact that the building was old, also should have known as a matter of law of the lead-based paint, and thus find that plaintiffs cannot prevail on the fifth fact they must demonstrate to establish the liability of the United States.

**3.** The VA has demonstrated that the property was listed for sale on an "as is" basis, and the

listing stated that the buyer would be responsible for any Code violations. The VA has also provided affidavit testimony, based on personal knowledge of the affiant, that it was its standard procedure to provide vendees a "Watch Out for Lead Paint Poisoning" statement (which states that the property being sold could contain lead-based paint), and that Dosu received such notice. Dosu admits reading the listing, but denies receiving any statement regarding lead paint. The court need not resolve whether, under these facts as a matter of law VA disclosed to Dosu the existence of the lead-based paint, or whether Dosu knew or had reason to know of the existence of such paint in the apartment.

*Gibbs,* 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966); *Lake v. United States,* 522 F.Supp. 166, 169 (N.D. Ill.1981). Therefore, the action against defendant Moses Dosu is dismissed without prejudice.

In sum, plaintiffs' Motion to File an Amended Complaint is granted, and the Motion for Judgment on the Pleadings is denied. However, the federal defendant's Motion for Summary Judgment is granted, and the action against Moses Dosu is dismissed without prejudice. The court need not rule on plaintiffs' subsequently filed Motion for Summary Judgment on the counterclaim.

IT IS SO ORDERED.