**Paul NAGATOSHI, Plaintiff-Appellant,**

v.

**EX-CELLO CORPORATION, a corporation, and The American Paper Bottle Company, an Ohio corporation, Defendants-Appellees.**

No. 12955.

United States Court of Appeals
Seventh Circuit.

Sept. 20, 1960.

John M. Breen, Chicago, Ill., for appellant.

Alvin G. Hubbard, Anton W. Makar, Chicago, Ill., for defendants-appellees.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and CASTLE, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

On July 6, 1959, Paul Nagatoshi, plaintiff, filed in the Circuit Court of Cook County, Illinois, a complaint for damages for an injury to his person, allegedly sustained by plaintiff on July 3, 1957, occasioned by the alleged negligence of Ex-Cello Corporation, a corporation, and The American Paper Bottle Company, an Ohio corporation, defendants.

The cause having been removed to the United States District Court for the Northern District of Illinois, Eastern Division, defendants moved to strike plaintiff's complaint, upon the ground, *inter alia,* that the cause of action did not accrue within two years prior to the date of filing suit as required under the law of Illinois.

Thereafter the district court granted said motion and ordered "that the complaint be and hereby is stricken and that these proceedings be and hereby are

terminated and closed,"[1] from which plaintiff has appealed.

Sec. 15, ch. 83, R.S.Ill.1959, provides:

"Actions for damages for an injury to the person, * * * shall be commenced within two years next after the cause of action accrued."

Sec. 24, ch. 83, R.S.Ill.1959, reads:

"24. When action stayed time does not run.] § 23. *When the commencement of an action is stayed* by injunction, *order of a* judge or *court*, or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the actions." (Italics supplied.)

On June 15, 1959, an order was entered by the executive committee of the Circuit Court of Cook County, Illinois, reading as follows:

"It appearing to the Executive Committee that, by the statutes of this State, the 4th day of July, commonly called Independence Day, is declared to be a legal holiday.

"And it further appearing to the said Committee that Independence Day will fall on Saturday this year and that many employers in this area plan to close in observance of this holiday on the day before Independence Day, and that this method of observance will be practiced by many commercial, mercantile and insurance companies as well as governmental agencies in the community;

"It Is, Therefore, Ordered that the Circuit Court of Cook County and the office of the Clerk of the Circuit Court of Cook County shall be closed on Friday, July 3, 1959, and on Saturday, July 4 (Independence Day) 1959.

"It Is Further Ordered that the time within which to file all motions, pleas, answers, or any other plead-ings, the time for the filing of which will expire Friday, July 3, 1959, and Saturday, July 4, 1959, be, and it is hereby, extended to Monday, July 6, 1959, without further notice.

"It Is Further Ordered that all rules and orders made returnable and expiring on Friday, July 3, 1959, and Saturday, July 4, 1959, be, and they are hereby continued to Monday, July 6, 1959, without further order."

Sec. 6, ch. 25, R.S.Ill.1959, provides as follows:

"§ 6. The clerks of the Circuit Courts, * * * of Cook County, * * * shall keep their offices open and attend to the duties thereof during such hours on each day, and on such days as may be ordered by the rule of the court in such county, which rule may be changed from time to time as the judges or judges of said court may see fit."

Sec. 2(2), ch. 110, R.S.Ill.1959, provides:

"Subject to rules the * * * circuit * * * Courts may make rules regulating their dockets, calendars, and business."

Secs. 32 and 33, ch. 110, R.S.Ill.1959 provide:

"§ 32. * * * The first pleading by the plaintiff shall be designated a complaint. * * * "

"§ 33. Form of pleadings. (1) All pleadings shall contain a plain and concise statement of the pleader's cause of action, counterclaim, defense, or reply. * * * "

These statutory provisions recognize that a complaint initiating an action in court is included in the generic term "pleading". It is apparent that the order of the executive committee closing the office of the clerk of the Circuit Court of Cook County on July 3, and July 4, 1959, and extending the time for filing motions, pleas, answers, or any other plead-

---

1. Both parties herein have treated this order as final and appealable and, for the purpose of this case, we are not averse to also so doing.

ings, the time for the filing of which expired on July 3 or July 4, 1959, to July 6, 1959, without further notice, included a complaint commencing a new suit, such as that filed by plaintiff in the case at bar.

The time for the filing of plaintiff's complaint on July 3, 1959 was stayed by the court's order to include July 6, 1959 by virtue of sec. 24, ch. 83, R.S.Ill.1959. During that extended period the statute of limitations did not expire.

Accordingly, we conclude that plaintiff was within his rights in filing his complaint on July 6, 1959 and that his action was not barred by the two-year statute of limitations.

For these reasons the order from which an appeal has been taken is hereby reversed and this cause is remanded to the district court for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded with directions.