264 F.Supp. 697 (1966)
William A. WEST
v.
ATLAS CHEMICAL INDUSTRIES, INC., a Corporation, formerly Atlas Powder Company, a Corporation,
Nora WEST
v.
ATLAS CHEMICAL INDUSTRIES, INC., a Corporation, formerly Atlas Powder Company, a Corporation and
the Travelers Insurance Company.
Nos. 65 C 181(2), 65 C 182(2).
United States District Court E. D. Missouri, E. D.
February 11, 1966.
*698 Jo B. Gardner, Monett, Mo., and Orville Richardson, St. Louis, Mo., for plaintiff.
Alphonso H. Voorhees, St. Louis, Mo., for Atlas Chemical Industries, Inc.
Evans & Dixon, St. Louis, Mo., for Travelers Ins. Co.

MEMORANDUM
MEREDITH, District Judge.
This matter is pending on the motion of defendant The Travelers Insurance Company for summary judgment. The complaints herein allege that plaintiff William A. West was injured and disabled while working for the J. A. Tobin Construction Company in Buchanan County, Missouri, on or about June 9, 1960, by breathing and inhaling toxic fumes from chemical explosives. Plaintiffs' claims against defendant Atlas Chemical Industries, Inc., allege negligent manufacture and labeling of such explosives and negligent failure to warn as to the toxic nature of such explosives. Plaintiffs' claims against defendant Travelers allege that Travelers was the Workmen's Compensation carrier for J. A. Tobin Construction Company, that Travelers' agents made periodic worksite inspections and knew of the dangers to plaintiff William A. West in working with said explosives, and that such agents negligently failed to warn plaintiff of *699 such dangers or to require plaintiff's employer to cease using such deleterious material. Plaintiffs' original complaints were filed on June 1, 1965, and named as parties defendant the Atlas Powder Company (Atlas Chemical Industries) and the Hartford Accident and Indemnity Company. Plaintiffs' first amended complaint, filed September 23, 1965, added The Travelers Insurance Company as an additional party defendant.
This motion for summary judgment is based on two grounds. First, it is contended that the pleadings, depositions and affidavits show, as a matter of law, that the claims of plaintiffs are barred by the five-year Missouri statute of limitation, § 516.120, RSMo 1959, V.A.M.S. Second, it is contended that the Missouri Workmen's Compensation Law provides the exclusive remedy against this defendant and bars the alleged common law claim. We shall take these up in order.
Section 516.120, RSMo 1959, V.A.M.S., provides a five-year limitation period for personal injury cases of the type here involved. The limitation period begins to run when the cause of action accrues. Section 516.100, RSMo 1959, V.A.M.S., provides:
"* * * the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained."
Plaintiffs' second amended complaint alleges that "(s)aid plaintiff did not learn that his condition was caused as a result of inhaling said substances until April of 1961." Defendant, in support of its motion, contends that any cause of action these plaintiffs may have against it accrued on or about June 9, 1960, because the damage resulting from the alleged wrong was sustained and capable of ascertainment as of that time. Accordingly, the complaint against this defendant having been filed September 23, 1965, it is contended the five year limitation period has run.
Defendant relies heavily on the deposition of William A. West. This deposition indicates that plaintiff was aware of the nature of his disabled condition on or about June 9, 1960, and related his condition to his work with chemical explosives. He testified that he progressively suffered more severe physical illness and symptoms as he worked with nitro carbon and nitrate, that he suffered from coughing and sneezing which became nearly constant, that his hands became stiff, that the bottoms of his feet and the palms of his hands became thick, that his feet were dragging and that he suffered severe headaches. (Deposition, pages 52-62) He testified that his physical condition became so bad he had to quit work and secure medical attention, and that he had told his foreman that he thought the chemical nitro carbon and nitrate was the cause of his trouble. He further testified that at least three doctors told him within a few weeks after quitting work that he was suffering from poison.
Additionally, defendant has submitted copies of certain letters written November 1, 1960, to the J. A. Tobin Construction Company and The Travelers Insurance Company claiming that William A. West became totally disabled by occupational disease or a series of trauma on or about June 9, 1960, resulting from the chemical explosives he had been using in his work. Also, defendant calls our attention to a letter written by plaintiffs' present attorney, which accompanied the original complaints filed in this case, containing this postscript: "P. S. The statute of limitations runs June 9, 1965 in this case." Finally, defendant has submitted an affidavit of Dr. E. L. Pfuetze to the effect that he examined William West on February 15, 1961, and that Mr. West told him he had been unable to work since June 9, 1960, after loading ammonium nitrate and nitro carbon of nitrate.
*700 Rule 56(c), Federal Rules of Civil Procedure, provides for the entry of summary judgment if
"* * * the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
The plaintiffs contend that there is a genuine issue of fact as to when the alleged cause of action accrued, that the deposition and letters relied on by defendant do not rise to the dignity of judicial admissions, and that
"* * * It goes without saying that, even sworn testimony by deposition, can be changed by a witness in the course of a jury trial, and the jury then has the question of determining which version is the correct one, even though both are under oath."
It is also argued that the deposition testimony above referred to does not specifically and directly relate William West's complaints to the chemical explosives he was using; that at most he was speculating as to the cause of his difficulty.
Plaintiffs correctly state that the time of accrual of a cause of action is a question of fact. But, at issue here is whether there is a genuine issue of fact. Most of the Missouri law dealing with latent or occupational disease injuries arise in Workmen's Compensation cases. These cases indicate that an injury from such a disease is reasonably discoverable and apparent, the standard laid down in § 287.063(6), RSMo 1959, V.A.M.S., when the employee loses time from his work or has to seek medical advice. Enyard v. Consolidated Underwriters, 390 S.W.2d 417, 432 (Mo.1965). The rule set out in § 516.100, RSMo 1959, V.A.M.S., that the damage be sustained and capable of ascertainment is also a rule of reason, turning on the time when the damage can reasonably be discovered or made known so that the right to commence an action arises. Rippe v. Sutter, 292 S.W.2d 86, 90 (Mo.1956), Allison v. Missouri Power & Light Co., 59 S.W.2d 771, 773 (Mo.App.1933). There can be no doubt that the record before the court on a motion for summary judgment may show conclusively that plaintiff was aware, on a given date, of such facts that the only reasonable conclusion to be reached is that the damage was sustained and capable of ascertainment at that time. Gruenewaelder v. Wintermann, 360 S.W.2d 678 (Mo.1962). In such a case, summary judgment is appropriate for there is no genuine issue of fact.
The record now before the Court clearly shows that plaintiffs' causes of action accrued prior to April 1961, the time alleged in the complaint. The letters of notice to J. A. Tobin Construction Company and The Travelers Insurance Company, written November 1 and November 21, 1960, respectively, specifically state the nature of plaintiff's disablement and directly relate his condition to the chemical explosives used by him on and before June 9, 1960. Additionally, these letters corroborate the deposition testimony indicating that plaintiff was aware of the nature and cause of his difficulties on or about June 9, 1960. The letter to The Travelers Insurance Company states:
"Notice during the second period of employment to the employer was in April, 1960, to Bill McMantle, but he continued his work through June 9, 1960, until the time of his termination June 9, 1960, when he told Tommie Thomas, the boss, that he had to quit because the doctor told him he would have to stay away from these chemicals as they were what were causing his condition."
Giving plaintiffs the benefit of every reasonable doubt, it is clear that the opposition to this motion is inadequate. In the first place, a mere pleading allegation is not sufficient to create a genuine issue as against affidavits and other evidentiary materials which show the allegation to be incorrect. See Rule 56(e), F.R.Civ.P., and Marion County Co-op Ass'n v. Carnation Co., 214 F.2d *701 557 (8 Cir. 1954). Second, with regard to plaintiffs' argument that the evidence now before the Court might be changed on trial, Rule 56(e) specifically requires reference to the depositions and other matters of record in determining whether or not a genuine issue of fact exists. To oppose such a record it is not enough simply to argue that it might be changed at trial. Rule 56(e) expressly provides:
"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."
The burden upon the party opposing a motion for summary judgment to specify and illuminate additional evidence to counter the present record is clearly enunciated in Patricia Ann Lundeen, Guardian, v. France Jeanne Cordner, 354 F.2d 401, 8th Cir., Jan. 5, 1966. Finally, the deposition testimony of William West is not ambiguous or made up of his previous speculations as to his injury. That testimony shows that he was quite aware of his condition; he was disabled and had to quit work. That testimony also shows that he thought, and the doctors he immediately consulted confirmed, that his disability resulted from exposure to the chemical explosives with which he had been working. Plaintiffs have offered no response to counter the force of this record.
The only possible conclusion is that plaintiffs' damages were sustained and capable of ascertainment on or about June 9, 1960. This being so, the statute of limitation had run at the time this defendant was filed against and the only remaining question is whether the amended complaint relates back to the date of the original complaints. The law is clear that Rule 15, F.R.Civ.P., providing that an amendment relates back to the date of the original complaint, is not applicable to the computation of the limitation period. St. Paul F. & M. Ins. Co. v. Continental Building Co., 137 F.Supp. 493 (W.D.Mo.1956). Instead, the federal courts look to the state law on such issues. The rule in Missouri is that the statute of limitation continues to run as to new parties until they are brought in by amendment. Elrod v. Lafayette Elevator Co., 379 S.W.2d 852 (Mo.App.1964). Therefore, we find that the five-year statute of limitations had run against the claims now sought to be asserted against The Travelers Insurance Company.
Even if we had decided the limitation question in favor of plaintiffs, we would still find it necessary to enter summary judgment on the second ground urged by defendant. It is uncontested that J. A. Tobin Construction Company, employer, and William A. West, employee, were operating under and had accepted the provisions of the Missouri Workmen's Compensation Law and that the injury suffered is a covered injury. At issue is whether the Workmen's Compensation insurance carrier can be subjected to common law liability for negligence with regard to its activities which relate directly to the performance of the insurance task undertaken (i.e., job-site inspections in this case), where the injury suffered is one that would be compensable under the Act. There is persuasive dicta in Hughes v. Maryland Casualty Co., 229 Mo.App. 472, 76 S.W.2d 1101 (1934), that the statute does abrogate the common law right of action in such situations. In Hughes, the employee had claimed and received compensation for an eye injury. Subsequently, suit was filed against the insurer for the alleged malpractice of a doctor, who had been engaged by the insurer, in treating the injury. The Court cited the familiar rule that such malpractice is casually related to the original injury and then dismissed since the original injury was within the exclusive jurisdiction of the Workmen's Compensation Commission. It is true that this case does not deal with the situation where the insurer is alleged to have been negligent with regard to the original injury itself, nor *702 does it deal with a situation where no Workmen's Compensation has been claimed or received. The underlying rationale of the holding was that the insurer, who is made directly and primarily liable for covered injuries by § 287.300, is subject to the same rights and duties as the employer and cannot be a "third person" within the contemplation of the statute. This concept was reiterated in Schumacher v. Leslie, 360 Mo. 1238, 232 S.W. 2d 913, 917 (1950).
This area was recently reviewed in Kotarski v. Aetna Casualty and Surety Co., 244 F.Supp. 547, (E.D.Mich.1965). The Michigan statute there under consideration is very similar to the Missouri law. Looking to the purposes and nature of the whole Act, and the extent of the insurer's obligation under the Act, the Court held that the insurer must be afforded the same immunity from common law liability as the employer. The Court's reasoning is quite pertinent to our situation:
"Insurance companies which engage in accident prevention work, the social desirability of which cannot be questioned, should be able to do so without incurring unlimited liability for failing to discover a hazard that some jury might think ought to have been discovered. If an insurance company can escape tort liability altogether by not making any inspections on the premises of the insured, but may incur unlimited tort liability by making some inspections, it more than likely will decline to make any, unless required to do so by statute. * * * If insurers are to be held liable in tort, as well as for workmen's compensation, every time such an inspection fails to reveal a preventable accident, it would be in effect strict liability. * * * The Workmen's Compensation Act was passed to provide for strict liability of the employer, financed by insurance. Liability of the insurer as a negligent third party, when performing an act necessary to the proper carrying out of its function under the act, does not fit into the legislative program." (Kotarski, supra, at 558, 559) (Emphasis added.)
The Missouri statute even more forcefully demands this conclusion. Section 287.120 clearly abrogates the common law liability of the employer. Musielak v. International Shoe Co., 387 S.W.2d 217 (Mo.App.1965). Section 287.030(2) then provides that "Any reference to the employer shall also include his insurer." The argument that these rules are inapplicable where no compensation claims have been made is specious. Accordingly, we hold that the Workmen's Compensation law provides exclusive remedy as against this defendant with regard to covered injuries. Plaintiff William West had used chemical explosives while working for J. A. Tobin Construction Company in Kansas and, therefore, we have pursued the possibility that Missouri conflict of laws rules might allow reference to Kansas law to determine whether this claim is barred. However, Kansas has a two-year statute of limitation on personal injury actions, K.S.A. 60-513, and thus any common-law claim plaintiffs might have under Kansas law would be barred even if we were to accept plaintiffs' contention that the cause of action did not accrue until April of 1961. We also pursued the possibility that some Workmen's Compensation claim might have been filed in either Missouri or Kansas which would have tolled the running of the statute of limitations. However, unopposed affidavits show that no such claims were filed.