Christine **BLEDSOE**, a minor, by her parents and natural guardians,
et al.

v.

**DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT.**

Civ. A. No. C.A. 74–2986.

United States District Court,
E. D. Pennsylvania.

July 16, 1975.

Arthur J. Seidner, Philadelphia, Pa., for plaintiff.

Robert E. J. Curran, U. S. Atty., Paul E. Holl, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

CLIFFORD SCOTT GREEN, District Judge.

### I.

This is an action in which relief is sought under the Federal Tort Claims Act, 26 U.S.C. §§ 1346(b), 2671 et seq. The cause of action arises from the sale of a property in Philadelphia by the named defendant to the parent-plaintiffs, on or about February 23, 1972. At the time of sale, the interior of the property was allegedly covered by a lead based paint. The complaint further avers that the minor-plaintiff ate, consumed and was exposed to the lead based paint, causing her serious personal injuries, between February 23, 1972 and June 10, 1973.

The present defendant, the Department of Housing and Urban Development, is clearly not a proper defendant under the Federal Tort Claims Act,

and the United States is the only proper party [1].

Presently before the Court is plaintiff's motion to amend her complaint to substitute the United States of America for the present named defendant and to have the amendment relate back to the time of filing of the original complaint. The government opposes the motion and asserts that the United States did not receive such notice within the appropriate limitation period as to allow relation back to an amendment of the complaint.

We grant plaintiff's motion.

## II.

An administrative claim was filed which was denied by letter dated, May 23, 1974. The last paragraph of that letter reads as follows:

> You are advised that your client has the right to file suit against the United States in an appropriate United States District Court within six months of the date of mailing of this letter.

The complaint in this action was filed on November 19, 1974. The complaint and summons were served on the United States Attorney for this district, on November 29, 1974 and on the present defendant, on December 20, 1974. The complaint and summons were mailed to the Attorney General on November 25, 1974, with receipt on December 6, 1974.

The time periods governing this action are contained in 28 U.S.C. § 2401(b), which provides:

> *A tort claim against the United States shall be forever barred* unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.* (Emphasis Added)

Federal Rule of Civil Procedure 15 governs amendment of pleadings. Section (a) provides that "leave [to amend] shall be freely given when justice so requires". Section (c), pertaining to the relation back of amendments, is critical to the present controversy and provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer

---

1. 28 U.S.C. § 2679(a) provides: "The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive."

28 U.S.C. § 1346(b) provides: "Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant [2].

There is no doubt that the threshold requirement of Rule 15(c) is met in this case, i.e., the amended complaint relates to the identical transaction set forth in the original complaint.

The plaintiffs' focus, in their motion and memorandum, is on the fact that the requested amendment is within the two-year limitation period of 28 U.S.C. § 2401(b). However, the government, in opposition to the motion, does not contest the fact that the two-year limitation period is inviolated.

The government contends that, under 28 U.S.C. § 2401(b), an action under the Federal Tort Claims Act must be "begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented"; and that, if the action is begun beyond that period, it is irrelevant and insufficient that the action is begun within two years of the accident, itself. *Childers v. United States*, 442· F.2d 1299, 1301 (5th Cir. 1971), *cert. den.* 404 U.S. 857, 92 S.Ct. 104, 30 L. Ed.2d 99 (1971).

The government observes that, under Rule 15(c), in order for an amendment to relate back, "the party to be brought in by amendment [must have] received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits", and that such notice must have been received "within the period provided by law for commencing the action against him". The government asserts the six-month period of 28 U.S.C. § 2401(b) is applicable and computes that period as having expired on November 23, 1974. The record reveals that the United States Attorney for this district was served in this action on November 29, 1974. From this, the government argues that the United States did not receive the notice required, under Rule 15(c), to allow an amendment substituting the United States, as defendant, to relate back.

### III.

Our conclusion with respect to the proper method of computation, under section 2401(b) and the application of this method to the facts of this case, lead us to grant plaintiffs' motion. The last day of the six month period is Monday, November 25, 1974 and not, as suggested by the government, Saturday, November 23, 1974 [3].

---

2. The procedure for service of process in an action against the United States is governed by F.R.Civ.P. 4(d)(4):

    (d) Summons: Personal Service. The summons and complaint shall be served together . . . Service shall be made as follows:

    .  .  .  .  .

    (4) Upon the United States, by delivering a copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought or to an assistant United States Attorney or clerical employee designated by the United States [A]ttorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validi-

ty of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency.

3. The government argues that:

    Compelling case law holds that it is not enough that plaintiff instituted his original action prior to the running of the proper statutory time time period. There is the additional requirement that the proposed substituted defendant be served with notice of the action before the statutory period runs. Furthermore, it is clear from some case law that the word 'action' as used in Rule 15(c) in reference to 'notice of the institution of the action' means notice, within the statutory period, of the filing of the law suit. It is clear that it does not refer to knowledge of the inci-

■ The mailing of process to the Attorney General within the period for commencing an action against the United States allows for, under the explicit terms of the last paragraph of Rule 15(c), the relation back, to the date of filing of the original complaint, of an amendment to the complaint substituting the United States as defendant. Process, in this action, was mailed to the Attorney General on November 25, 1974. Consequently, plaintiff's motion to substitute the United States, as defendant, and to have such amendment relate back to the date of the filing of the complaint is granted.

November 25, 1974 is the critical date in this case because, under settled principles of computation, the day of the event from which a limitation period runs is not to be counted and November 24, 1974[4] was a Sunday, in which case the limitation period does not end until the following Monday.

The computation of the limitation period referred to in Rule 15(c) is, of course, not governed by Rule 15(c), itself, and so we must look elsewhere to determine how the time period should be computed. *West v. Atlas Chemical Industries, Inc.*, 264 F.Supp. 697, 701 (E.D.Mo., 1966). Neither the terms nor the

legislative history of section 2401(b) of Title 28 of the United States Code, which sets out the applicable time period, address the question of the method of computation.

■ The general rule, with respect to the computation of limitation periods, is that the day of the event from which the period runs is excluded, and also that the period is extended to the following day when the last day of the period falls on either a Sunday or a holiday. 51 Am.Jur.2d *Limitation of Actions* §§ 58–60 (1970); 86 C.J.S. *Time* §§ 13(1), 13(3), 13(11), 14(2), 14(3), 14(9) (1954). Computation, in this case, under this rule, mandates that we grant plaintiff's motion.

Moreover, we believe that it is appropriate, in this case, to adopt by analogy the method of computation provided for in F.R.Civ.P. 6(a).

F.R.Civ.P. 6 pertinently provides:

(a) Computation. In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

dent giving rise to the action but rather to the institution of the law suit itself. . . . Even if plaintiff's proposed Amended Complaint should be held to relate back to the time that the proposed substituted defendant received 'notice of the institution of the action', the Amended Complaint would be untimely. The United States Attorney's office for the Eastern District of Pennsylvania received notice of the institution of plaintiff's original action on November 29, 1974 at 1:48 P.M. six days after the expiration of the six month period required by the Federal Tort Claims Act.

We are not convinced that the government's characterization of the nature of the notice, required by Rule 15(c), is correct for this case. The nature of the notice required by Rule 15(c) is a function of the Rule's purpose to retain the protection afforded defendants by limitation periods. Notice of an action is arguably necessary to apprise an average defendant of the need to preserve evidence regarding transactions in which it

is involved. However, in a Federal Tort Claims Act case, an administrative claim should trigger the gathering and preservation of evidence by an agency of the United States, pursuant to its statutory duty to pass upon the claim.

We do not decide the question of whether an administrative claim provides adequate notice under Rule 15(c) such that the dates of service would not be critical, nor do we decide the question of whether simply filing the complaint, along with a reasonably contemporaneous request for service, is sufficient. The plaintiff has not responded to the government's position at all and we prefer to dispose of the motion on the ground that the government's mathematical computation is erroneous.

4. We accept May 23, 1974, as the date of mailing of the letter of administrative denial of plaintiffs' claim, not because it has been properly made a matter of record but because, even accepting that date, we must grant plaintiffs' motion.

The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

■ Rule 6(a) does not, by its terms, apply to the computation of statutory limitation periods, generally, nor to the six month limitation period of section 2401(b), specifically. Nevertheless, the method of computation, set out therein, may, of course, be borrowed and utilized by a court for computation purposes, at least with respect to federal statutory limitation periods, where there is no contrary legislative intent. *See, generally*, 2 Moore's Federal Practice § 6.-06[1], [2] (1974); 4 Wright & Miller, Federal Practice and Procedure § 1163 (1969).

We are guided by the Supreme Court's decision in *Union Nat. Bank of Wichita, Kansas v. Lamb*, 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190 (1949), which involved the timeliness of a petition for certiorari to the United States Supreme Court from a state court. The Court noted that there was a contrariety of views as to whether an act which by statute is required to be done within a stated period may be done a day later when the last day of the period falls on a Sunday. The Court held that the policy of Rule 6 supplied the method of computation under the statute, in light of the fact that there was no contrary Congressional intent with respect to the statute involved.

We do not believe that the Supreme Court's use of the policy of Rule 6 should be limited to statutory time periods applicable subsequent to the commencement of an action. The Court relied on *Street v. United States*, 133 U.S. 299, 306, 10 S.Ct. 309, 33 L.Ed. 631 (1890), in which the Court, in the context of a statutory time limitation on certain Executive action, had treated a

Sunday as a dies non [5], pursuant to the general approach in that regard. We believe the Court's decision is sound authority for the adoption of the Rule 6 computation method for all federal statutory time periods in which the statute does not evince a contrary intent. That rule is simply the most recent and convenient articulation of the general law on the subject of computation.

■ We are aware that the Federal Tort Claims Act is strictly construed, as a waiver of sovereign immunity. Some courts have rejected the general approach to computation and the adoption of Rule 6(a) on the theory that it would extend the limitations period and enlarge the waiver of sovereign immunity beyond congressional intent. In *Yuri Yajima v. United States*, 6 F.R.D. 260 (E.D. N.Y., 1941), the last day on which a suit to recover taxes could have been commenced was a Sunday and the court stated:

A suit against the United States must be brought strictly within the time and within the manner prescribed by law, therefore, the last day, even though it be less than the two-year period within which the plaintiff could have brought this action, was on Saturday, January 26, 1946. This conclusion seems inescapable. The Court is powerless to extend the time prescribed by statute. *Yuri Yajima v. United States, supra,* at 261.

Strict construction of the statutory provisions applicable to the Act may be appropriate in certain instances to avoid unwarranted extensions of the waiver of sovereign immunity, provided by Congress. However, it is a perversion of this principle to construe the six month provision of section 2401(b) so that six months under section 2401(b) includes less time, in fact, than that provided under any other six-month statutory period. Absent explicit congressional direction, courts should not, under the rubric of sovereign immunity, create a separate

---

5. Dies non is an abbreviation of Dies Non Juridicus which means a day on which the courts are not open for business, such as Sundays and legal holidays. Black's Law Dictionary 542 (4th ed. Rev.1968).

and cramped mathematics of computation.

We agree with the rationale of the Circuit Court of the District of Columbia which was expressed in a case involving an appeal to the Board of Tax Appeals, presenting the identical issue, facing us here.

Business practice and accepted legal principle, apart from statute, permit and in some instances require an act to be done on the following Monday where the last day upon which it should have been done falls on Sunday. That is the common-law rule, and it has become embedded in the habits and customs of the community, both from respect for religious considerations and by long-established legal and commercial tradition. It would be reasonable, therefore, to assume that Congress had the common-law rule in mind when it legislated, and to construe the statute accordingly. *Sherwood Bros. v. District of Columbia*, 72 App.D.C. 155, 113 F.2d 162, 163 (1940). (Footnotes omitted).

Another district court has ruled that the general computation method, as articulated in Rule 6(a), applies to the two-year limitation provision of section 2401(b) *Prince v. United States*, 185 F. Supp. 269, 270–72 (E.D.Wis.1960) and we, for the reasons set out above, hold that it also applies to the six-month provision of that section.

Accordingly, the following order is entered.

### ORDER

And now, this 16th day of July, 1975, upon consideration of the motion of plaintiff to substitute the United States of America for the present defendant, to so amend the caption, and to have the amendment relate back to the date of the filing of the complaint and the opposition of the defendant thereto, it is ordered that plaintiffs' motion is granted, and that the caption is amended to read, Christine Bledsoe, a minor, by her parents and natural guardians, James Bledsoe and Margine Bledsoe, h/w, and James Bledsoe and Margine Bledsoe, in their own right vs. United States of America.