**Edmund TUTTLE and Dawn Tuttle, Plaintiffs,**

v.

**UNITED STATES POSTAL SERVICE and United States of America, Defendants.**

**Civ. No. 83–0580.**

United States District Court, M.D. Pennsylvania.

Oct. 17, 1983.

Christopher T. Powell, Jr., Powell, Powell & Powell, Scranton, Pa., for plaintiffs.

Gordon A.D. Zubrod, Asst. U.S. Atty., Scranton, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

The plaintiffs filed their complaint in the instant action on May 4, 1983, invoking the jurisdiction of the court under the Federal Tort Claims Act. *See* 28 U.S.C. § 1346(b). According to the allegations contained in the complaint, an employee of the U.S. Postal Service pushed a mail cart into the trailer of a truck owned by plaintiff Edmund Tuttle's employer. The cart allegedly struck Mr. Tuttle, causing him to suffer severe injury.

The defendants have moved to dismiss on the ground that the court lacks subject matter jurisdiction. For the reasons set forth below, the motion will be granted.

## DISCUSSION

The parties agree that the plaintiffs filed an administrative claim pursuant to the Tort Claims Procedure set forth in the United States Code, and that this claim was denied on October 8, 1982. The defendants argue that because the present action was not commenced until May 4, 1983, it is "forever barred" pursuant to 28 U.S.C. § 2401(b). Section 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues *or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.*

*Id.* (emphasis added). The plaintiffs respond to this argument by noting that the defendants were "sufficiently placed on notice" during a prior civil action between the parties which involved the same event and was dismissed on the ground that the plaintiffs did not exhaust their administrative remedies. *See* Order of Court, Civil No. 82–0464 (Aug. 13, 1982). The plaintiffs contend that the defendants should not be "permitted" to raise the "technical" statute of limitations since the government "was placed on formal notice as early as April 9, 1982." *See* Brief in Opposition to Defendants' Motion to Dismiss at 4–5, Document No. 10 of the Record.

The plaintiffs' contentions must be rejected. The statute of limitations set forth in 28 U.S.C. § 2401(b) is jurisdictional in nature and therefore is not subject to the equitable considerations raised by the plaintiffs. *E.g., Stewart v. United States,* 503 F.Supp. 59, 63 (N.D.Ill.1980), *aff'd,* 659 F.2d 1084 (7th Cir.1981). Simply stated, the United States, unfair as it may seem, may not be sued without its permission. *See, e.g., United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *Kawanankoa v. Polyblank,* 205 U.S. 349, 353, 27 S.Ct. 526, 527, 51

L.Ed. 834 (1907). Such consent must be obtained from Congress, for the doctrine of sovereign immunity "has become too firmly entrenched" in the American common law to be abrogated by the judiciary. Armstrong & Cockrill, *The Federal Tort Claims Bill*, 9 *Law & Contemp.Prob.* 327, 331 (1942); *accord, United States v. Kubrick*, 444 U.S. 111, 117–18, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979); *Honda v. Clark*, 386 U.S. 498, 501, 87 S.Ct. 1188, 1195, 1197, 18 L.Ed.2d 244 (1967) (dictum); *Gardner v. United States*, 446 F.2d 1195, 1197 (2d Cir.1971), *cert. denied*, 405 U.S. 1018, 92 S.Ct. 1300, 31 L.Ed.2d 481 (1972). When Congress allows suit against the government by waiving immunity, it may, within constitutional bounds, attach whatever conditions it wishes to that waiver. *Honda v. Clark*, 386 U.S. at 501, 87 S.Ct. at 1197; *see, e.g., Lehman v. Nakshian*, 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981). Congress has set forth filing requirements which are somewhat mechanical and ordinarily unrelated to the merits of the litigation, *Steele v. United States*, 599 F.2d 823, 829 (7th Cir.1979), but such conditions must be strictly construed. *Deakyne v. Dep't of Army Corps of Engineers*, 701 F.2d 271, 274 n. 4 (3d Cir.1983). The statute of limitations in issue in this case is one of the conditions attached to the waiver of immunity set forth in the Federal Tort Claims Act. If an action is not filed as the statute requires, the six-month time period may not be extended by this court. See *United States v. Kubrick*, 444 U.S. at 117–18, 100 S.Ct. at 356–57.

The defendants' motion to dismiss will be granted. An appropriate Order will enter.