**Edward C. TRIBUE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 85 C 9172.

United States District Court, N.D. Illinois, E.D.

July 7, 1986.

On Motion for Reconsideration Oct. 2, 1986.

Robert J. Pavich, Monico & Pavich, Chicago, Ill., for plaintiff.

Frederick H. Branding, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

In accordance with the requirements of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, plaintiff Edward Tribue filed an administrative claim with the Veteran's Administration ("VA") on March 29, 1983, alleging that the defendant United States through its employees negligently administered medical care to him. The VA denied his claim initially and on reconsideration, and on April 30, 1985 mailed his lawyer a final denial of his claim. On October 31, 1985 plaintiff filed this case. Presently before the court is defendant's motion to dismiss this action as untimely.

As a partial waiver of sovereign immunity, the FTCA's jurisdictional requirements must be strictly construed. *United States v. Kubrick*, 444 U.S. 111, 117–18, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979); *Green v. United States*, 765 F.2d 105, 108 (7th Cir.1985). Under 28 U.S.C. § 2401(b), all tort claims against the United States are "forever barred unless ... action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." The limitations period in § 2401(b) cannot be extended for equitable considerations. *Anderberg v. United States*, 718 F.2d 976, 977 (10th Cir. 1983), cert. denied, 466 U.S. 939, 104 S.Ct. 1916, 80 L.Ed.2d 463 (1984); *Tuttle v. United States Postal Service*, 585 F.Supp. 55 (M.D.Pa.1983), aff'd without published opinion, 735 F.2d 1351 (3d Cir.1984). Failure to comply with the six-month requirement divests a district court of jurisdiction to entertain the claim. *Charlton v. United States*, 743 F.2d 557, 558 (7th Cir.1984).

The Seventh Circuit has not faced the question of how exactly to compute the six-month time limit. It has, however, indicated its view twice in dicta. In *Hughes v.*

*United States*, 701 F.2d 56 (7th Cir.1982), the FTCA claim was denied by the agency on November 14, 1980. The plaintiffs in that case filed suit on May 13, 1981, but they did not (as required) name the United States as a party defendant. On appeal, the question was whether the amendment (several months after the complaint was filed) to add the United States could relate back and be timely. In deciding it could not, the court stated that "the plaintiffs in this case waited to file their complaint until the last day of the limitations period, May 13, 1981...." Id. at 58–59. See also *Stewart v. United States*, 655 F.2d 741 (7th Cir.1981) (in deciding exactly the same issue as presented in *Hughes*, court describes March 26, 1980 as the "last day of the limitations period" where the letter of denial was mailed September 27, 1980).

Though the Seventh Circuit did not explain its reasoning, the dates involved in *Hughes* and *Stewart* make clear that it figured the last day of the six-month period by counting six months from the month in which the denial letter was mailed and then subtract one from the day of the month on which the letter was mailed. By that method, the last day for plaintiff in this case was October 29, 1985—October is the sixth month after the month (April) the denial letter was mailed and the 29th is the day before the day (the 30th) the letter was mailed. Plaintiff's filing on the 31st was therefore untimely.

Since both *Hughes* and *Stewart* are dicta on this issue (though, in this court's opinion, strongly predictive dicta), the other two approaches used in other circuits are worth considering. Surprisingly, plaintiff does not mention the cases utilizing a method under which plaintiff's complaint would be timely. In *Bledsoe v. Dept. of Housing & Urban Development*, 398 F.Supp. 315, 319 (E.D.Pa.1975), the letter of denial was mailed on May 23, and the court held that the last day of the six-month period was November 24.[1] The court reached that result by two steps: (1) excluding (under Fed.R.Civ.P. 6(a)) the day the letter was mailed and (2) taking the anniversary date of the six-month period as the last day of that period instead of regarding it, as one might more naturally conclude, as the first

---

1. Because November 24, 1974 was a Sunday, the court further held that the limitations period did not expire until the next following court day, or the 25th.

day of the next six-month period. The only other case to use this method was *Rodriguez v. United States*, 382 F.Supp. 1 (D.P. R.1974) (mailed December 29, 6 months expired June 30)[2], though it was apparently assumed in dicta in *Carr v. Veterans Administration*, 522 F.2d 1355, 1357 (5th Cir. 1975) ("Limitations began to run on the date of mailing, February 5, and ran on August 6, 1973").

In the more recent cases, the *Bledsoe* method has been rejected as in effect rewriting the statute to allow six months plus one day. These more recent cases use yet a third method, which is the same as that referred to by the Seventh Circuit except that the first day is not counted pursuant to Fed.R.Civ.P. 6(a). This method (and the error in the *Bledsoe* method) was best explained in *Yedwab v. United States*, 489 F.Supp. 717, 719 (D.N.J.1980) (emphasis in original):

> To display the simplicity of the calculation, the court appends a 1979 calendar. Suppose the mailing date were the *last* day of a month, say, January 31, 1979, a Wednesday. That day would be excluded. A claimant would have the six month period *after* January 31 *within which* to begin an action by filing a complaint with the clerk of the court. This full six month period would embrace the months of February through July, and the *last* day (which is included) of that full six month period would by July 31, 1979, a Tuesday. To allow filing on August 1, 1979 would be to allow six months *and a day* after January 31, 1979. This is not the statutory period. The period is "six months" after the mailing date, and the action must begin "within" that period, not outside it.
>
> Moving day by day, if a January 31 mailing sets a July 31 deadline, then a February 1 mailing sets an August 1 deadline, and so on day by day through any numbered day from 1 to 28 (to 29 in leap year).

In effect, the *Yedwab* method is to make the anniversary date of the mailing of the denial letter the last day of the six-month period. This method is clearly the majority rule. See *McDuffee v. United States*, 769 F.2d 492 (8th Cir.1985), and cases cited therein.[3] The criticism of the *Bledsoe* method is sound, since in ordinary parlance the anniversary of a period is regarded is the first day of the next period, not the last day of the first period.[4] As *Yedwab* pointed out, "[i]f it wished to the Congress *could* say that action must begin no later than the last business day of the sixth month after the month in which the notice was mailed. That is not what it said." 489 F.Supp. at 719.

Using the *Yedwab* method plaintiff's claim is untimely by one day. Therefore, even assuming the Seventh Circuit would follow the majority method despite its own earlier dicta, plaintiff's claim would still be held untimely.

Plaintiff argues his complaint is timely under the *Yedwab* method apparently on the ground that where (as here) the denial letter is mailed on the last day of a month, the six-month period ends on the *last* day of the month six months hence. Since the denial letter was mailed on the last day of April (the 30th), plaintiff concludes his filing on the last day of October (the 31st) was timely. That is clearly not what the *Yedwab* court held, as above quotations show. Indeed, plaintiff's method would suffer from exactly the same defect as *Yedwab* criticized the *Bledsoe* method for—it makes the statutory period six months plus one (or even two) days.

Missing the chance to present what may be a meritorious claim because the filing deadline was missed by one day no doubt seems harsh, but as the above cases make clear, the six-month requirement must be strictly construed and this court has no power to extend it. Six months is certainly enough time to initiate suit, and this court is mystified by plaintiff's (or his lawyer's)

---

**2.** Defendant's reply brief (at 2) misrepresents both *Rodriguez* and *Bledsoe* as having followed the *Yedwab* method discussed below.

**3.** *McDuffee* suggests, at 494 n. 4, that even the *Yedwab* rule is generous by one day on the theory that Rule 6(a) does not apply to statutory limitations periods. That theory, of course, is

exactly what underlies the Seventh Circuit's approach in *Hughes* and *Stewart*.

**4.** Birthdays are an obvious example. For a baby born on December 14, 1986, the date December 14, 1987 is regarded as the first day of that baby's second year rather than the last day of its first.

decision to wait until what he thought was the last day for filing. Having made that decision, plaintiff (or his lawyer) must abide by the consequences.

IT IS THEREFORE ORDERED that defendant's motion to dismiss is granted and this case is dismissed in its entirety.

## ON MOTION FOR RECONSIDERATION

Plaintiff filed this action under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, on October 31, 1985. This court dismissed the complaint on July 7, 1986 for failure to comply with the six-month statute of limitations under 28 U.S.C. § 2401(b). It was determined that the last day plaintiff could have met the filing requirement was either October 29, 1985, or October 30, 1985 (depending on whether Seventh Circuit dicta or the majority position was followed) but that in either case plaintiff's complaint was untimely.

Plaintiff moved for reconsideration on July 17, 1986, arguing (1) that the court erred in its July 7 ruling interpreting the computation of the six-month filing period and that the 31st was the last day the complaint could be filed, and (2) that the case should not be dismissed because a law clerk attempted to file the complaint on October 30 while the Clerk's Office of this Court was still open and was turned away unfairly.

As implied in the court's order of August 8, 1986, the only reason for reconsidering the earlier ruling of July 7 is to consider the newly raised issue of the messenger allegedly being turned away on October 30 and its implications. Although plaintiff renews his argument that the last day of the limitations period was October 31, that argument was fully explored and rejected in the opinion of July 7 and need not be considered again. Because it was unnecessary at that time, it was not decided in the July 7 opinion whether the last day for filing was October 29 or October 30. Upon further consideration, the last day for filing the complaint in this case was October 29, 1985. Therefore it is unnecessary to decide whether the complaint should be deemed to have been filed on October 30, since even if it were filed on the 30th it would be untimely.

The Seventh Circuit has twice indicated how the six-month period should be computed. In *Hughes v. United States*, 701 F.2d 56 (7th Cir.1982) and *Stewart v. Unit-*ed States, 655 F.2d 741 (7th Cir.1981), the court noted that the last day for filing a complaint under the Federal Tort Claims Act is to be found by counting six months from the month in which the denial letter was mailed and then subtract one from the day of the month on which the letter was mailed. *Hughes* at 58–59 (the last day for filing was May 13, 1981, where the denial letter was mailed November 14, 1980); *Stewart* at 742 (the last day for filing was March 26, 1980, where the denial letter was mailed September 27, 1979). Although these observations were dicta, they were sufficiently clear and predictive to guide this court unless some reason can be found not to do so.

■ While the Court of Appeals did not explain these results, it must be assumed that they were obtained by not applying Federal Rule of Civil Procedure 6(a) to exclude the date of mailing. *See McDuffee v. United States*, 769 F.2d 492, 494 n. 4 (8th Cir.1985) ("it may even be argued that [a rule in which the last day would be October 30] may be too generous by one day, on a theory that the Federal Rules of Civil Procedure are not applicable to statutory time periods"). If Rule 6(a) were applied, for example in *Hughes*, the day of mailing would be excluded, making November 15 the first day of the limitations period. It would not be possible for the last day to then be May 13, requiring, as it would, reaching back *two* calendar days from the anniversary date of May 15.

The question then becomes whether it is appropriate not to apply Rule 6(a) to compute this period. Courts have split over whether Rule 6(a) should be applied to statutory limitations periods. *Compare, e.g., Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir.1980) (Rule 6(a) does not apply to the period prescribed by the Truth in Lending Act, 15 U.S.C. § 1640(e)), *with In re Gotham Provision Co.*, 669 F.2d 1000, 1014 (5th Cir.), *cert. denied*, 459 U.S. 858, 103 S.Ct. 129, 74 L.Ed.2d 111 (1982) (Rule 6(a) applies to federal statutes). In *Pearson v. Furnco Construction Co.*, 563 F.2d 815 (7th Cir.1977), the Seventh Circuit held that Rule 6(a) did apply in computing the 90–day period prescribed by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(1). However, the court did not apply Rule 6(a) to federal statutes generally. Instead it stated:

> Although the procedural rule does not directly apply to a statute of limitations,

courts have at times invoked the principle of the rule as a matter of interpretation.... We think that in light of the purposes intended to be served by Title VII, it is a sound interpretation of a congressional intent that the party plaintiff is to have a full span of ninety days in which to file his action, and that [Rule 6(a) should be applied].

Unlike Title VII, however, which is remedial in purpose and should therefore be liberally construed, *see Ulane v. Eastern Airlines, Inc.*, 742 F.2d 1081, 1086 (7th Cir. 1984), *cert. denied*, 471 U.S. 1017, 105 S.Ct. 2023, 85 L.Ed.2d 304 (1985), the purpose of the Federal Tort Claims Act is to expand government liability and is a limited waiver of sovereign immunity. *Baker v. F & F Investment Co.*, 489 F.2d 829, 835 (7th Cir.1973); *Carr v. Veterans Administration*, 522 F.2d 1355, 1357 (5th Cir.1975). As such it must be strictly construed. *Carr* at 1357. Thus, while the Seventh Circuit applied Rule 6(a) in *Pearson*, it did so "in light of the purposes intended to be served by Title VII," and could reach the opposite result when considering the question as applied to the Federal Tort Claims Act. Therefore *Stewart* and *Hughes* require that the last day this complaint could have been timely filed was October 29, 1985. Therefore plaintiff's complaint was late, even if filed on October 30.

IT IS THEREFORE ORDERED that on reconsideration the court adheres to its previous decision granting defendant's motion to dismiss.