**Lillian ALLEN, et al., Plaintiffs,**

v.

**CITY OF KANSAS CITY, KANSAS, et al., Defendants.**

Civ. A. No. 86–2357–S.

United States District Court, D. Kansas.

Feb. 13, 1987.

---

Robert V. Wells, Kansas City, Kan., for plaintiffs.

Paul C. Gurney, Reid Holbrook, Holbrook, Ellis & Heaven, Kansas City, Kan., for Housing Authority of Kansas City, Kan.

N. Cason Boudreau, Asst. City Atty. Kansas City, Kan., for City of Kansas City, Kan.

Benjamin L. Burgess, Jr., U.S. Atty., Robert A. Olsen, Asst. U.S. Atty., Kansas City, Kan., Richard K. Willard, Asst. Atty. Gen., Paul F. Figley, Asst. Director, Torts Branch, Julie Zatz, Trial Atty., Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

John D. Tongier, Holbrook, Ellis & Heaven, P.A., Merriam, Kan., for Housing Authority of Kansas City, Kan.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of defendant, the Housing Authority of Kansas City, Kansas, for summary judgment. The federal defendants, United States of America and the Department of Housing and Urban Development, have also filed a motion to dismiss and/or a motion for summary judgment. The court finds that oral argument is not necessary in this case pursuant to Local Rule 15 of Rules of Procedure of the District Court for the District of Kansas. Thus, the federal defendants' request for oral argument is hereby denied.

Defendant, Housing Authority of Kansas City, Kansas, moves the court for summary judgment against the plaintiffs as to Counts III and IV of the amended complaint. In this action plaintiffs are seeking to recover money damages from the Housing Authority for the wrongful death of Lynn Washington who died in a fire on May 10, 1985. The fire occurred in a low-income housing project known as the Wyandotte Towers. The complex is owned and operated by the Housing Authority. Plaintiffs claim damages under the theories of negligence and breach of contract against the Housing Authority. Specifically, plaintiffs allege that the Housing Authority failed to conduct adequate inspections, appropriate sufficient funding and provide proper devices and personnel for fire protection in the housing complex.

The Housing Authority has filed its motion for summary judgment on the basis that K.S.A. 75–6104(m) serves as a statutory bar as to the allegations of negligence.

K.S.A. 75–6104 provides: "A governmental entity ... shall not be liable for damages resulting from: (m) failure to provide, or the method of providing, police or fire protection." While the court is cognizant of its ruling on November 14, 1986 dismissing the defendant City of Kansas City, Kansas from liability, the court finds that such action is not so barred as to the Housing Authority. The court, in reviewing the statute and the applicable case law, finds that section 75–6104(m) is not applicable to the facts at hand.

■ In *Jackson v. The City of Kansas City, Kansas*, 235 Kan. 278, 292, 680 P.2d 877 (1984), the court limited the interpretation of subsection (m):

> We believe subsection (m) is aimed at such basic matters as the type and number of fire trucks and police cars considered necessary for the operation of the respective departments; how many personnel might be required; how many and where police patrol cars are to operate; the placement and supply of fire hydrants; and the selection of equipment options.... We do not believe subsection (m) so broad as to immunize a city on every aspect of negligent police and fire department options.

*Id. See, e.g., Fudge v. The City of Kansas City*, 239 Kan. 369, 374, 720 P.2d 1093 (1986). In both of these cases the court limited the applicability of subsection (m) to certain actions. The court, in this case, finds that while the cited cases do not directly relate to the facts at hand, subsection (m) was enacted to provide immunity to a fire department in its discretionary duty to provide fire protection to the city. The court finds that it cannot extend such immunity to the Housing Authority to maintain safe housing with adequate means of fire protection such as fire alarms and sprinkler systems. We therefore find that the Housing Authority of Kansas City, Kansas has not met its burden in establishing that it had immunity for the claims stated in plaintiff's amended complaint under subsection (m) of K.S.A. 75–6104.

■ The federal defendants, United States of America and the Department of Housing and Urban Development [HUD], have also filed a motion to dismiss or for summary judgment. The court finds that it may dismiss the Department of Housing and Urban Development summarily. It is clear that although the Department of Housing and Urban Development has the authority to sue and be sued, that authority should not be construed to authorize suits against such federal agencies on claims which are cognizable under 28 U.S.C. § 1346(b). *Donohue v. United States*, 437 F.Supp. 836, 842 (E.D.Mich.1977). To the extent plaintiff's claim is cognizable under 28 U.S.C. § 1346(b), they must proceed under the Federal Tort Claims Act. Section 1346(b) vests exclusive jurisdiction in the United States District Courts for all tort claims against the United States. *Id.* These suits should be brought solely against the United States. *See Bledsoe v. Department of Housing & Urban Development*, 398 F.Supp. 315, 316–17 (E.D.Pa. 1975) (Department of Housing and Urban Development is clearly not a proper defendant under the Federal Tort Claims Act, the United States is the only proper party.) The court will therefore summarily grant the Department of Housing and Urban Development's motion to dismiss and will now address the United States of America's motion.

■ In reviewing the record in this case, the court finds that the United States of America's motion to dismiss or for summary judgment should be granted. A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed. R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). An issue of fact is "material" only when the dispute is over facts that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, —— U.S. ——, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* Thus, the mere existence of

some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block,* 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). The language of Rule 56(a) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* — U.S. —, —, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

For purposes of this motion, the following facts are uncontroverted:

1. Mr. Lynn Washington was a resident of a public, low-income rental housing project in Kansas City, Kansas, in which a fire occurred on May 10, 1985. Mr. Washington was found dead in the apartment on May 11, 1985. The cause of death was carbon monoxide asphyxiation.

2. Plaintiffs have alleged negligence by the United States in appropriating insufficient funds to the Housing Authority of Kansas City, Kansas to provide adequate fire protection for the residents of the low-income rental housing project.

3. Plaintiffs allege that the United States negligently administered, operated, and inspected the housing project.

4. The United States Housing Act of 1937, as amended by sections 201 *et seq.,* of the Housing and Community Development Act of 1974, 42 U.S.C. § 1437 *et seq.* authorizes the federal government to provide financial assistance to state and local governments pursuant to the need to remedy the housing conditions of low-income families.

5. The objective of the United States Housing Act of 1937 was expressly stated in the Declaration of Policy:

It is the policy of the United States ..., to vest in the local public housing agencies the maximum amount of responsibility in the administration of their housing programs.

42 U.S.C. § 1437.

6. Under 42 U.S.C. § 1437g, the Secretary of Housing and Urban Development is permitted to enter into an annual contribution contract with local public housing agencies, created under authority of state law, whereby local ownership and operation of low-income housing projects is financed.

7. The Housing Authority of Kansas City, Kansas was created pursuant to the State of Kansas Housing Law of 1933, K.S.A. 17–2340.

8. The United States retains the authority to monitor the local public housing authorities to assure that federal funds are being properly spent.

9. HUD has developed a performance funding system by which to implement the annual contributions contract with the local housing authorities.

10. Neither HUD nor any of its employees owns, operates or manages the low-income, rental housing project at issue.

11. While HUD retains the authority to supervise and set guidelines for how the project in question is to be operated and managed, it does not control or manage the day-to-day operations of the project.

12. 42 U.S.C. § 1437 states the policy of the Act in that the United States is to promote the general welfare by employing funds provided by the low rent housing act to assist the states and their subdivisions to remedy unsafe and unsanitary housing conditions.

Plaintiffs brought this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.,* alleging that the United States Department of Housing and Urban Development failed to conduct adequate inspections of, and to appropriate sufficient funds for, fire protection in a public housing complex which is owned and managed by the Housing Authority of Kansas City, Kansas. They also allege that the

National Housing Act, 12 U.S.C. §§ 1701 *et seq.* provides an independent jurisdictional basis for their suit. The United States claims that it cannot be held liable in this case because neither the United States nor HUD owns or operates the low-income housing project, and that decisions regarding funding and related inspections are discretionary functions which cannot be challenged under the Federal Tort Claims Act. The United States further asserts that it can only be held liable for the acts of its employees, not the independent acts of the local public housing authority, and the United States owes no duty to a plaintiff under Kansas law. Finally, the United States claims that the plaintiffs' contract claims are barred under 28 U.S.C. § 1346(a)(2).

█ The Federal Tort Claims Act is a statutory provision with a limited waiver of sovereign immunity making the federal government liable to the same extent as a private party for certain types of torts of federal employees acting within the scope of their employment. *United States v. Orleans,* 425 U.S. 807, 813, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976). The United States can only be sued to the extent that it has waived its immunity. In *United States v. Orleans,* the United States Supreme Court noted that "[f]ederal funding reaches myriad areas of activity of local and state governments and activities in the private sector as well. It is inconceivable that Congress intended to have a waiver of sovereign immunity following congressional largesse and cover countless unidentifiable classes of 'beneficiaries.'" The federal government in no sense controls "'the detailed physical performance' of all the programs and projects it finances by gifts, grants, contracts, or loans." *Id.* at 816, 96 S.Ct. at 1977 (citing *Logue v. United States,* 412 U.S. 521, 528, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121 (1973)).

█ The Federal Tort Claims Act explicitly reserves immunity for any claim arising out of the performance of a discretionary claim or duty. 28 U.S.C. § 2680(a). Section 2680(a) precludes government liability for:

[a]ny claim ... based upon the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of the government, whether or not the discretion involved be abused.

*Id.* The court must agree with the United States that *Dalehite v. United States,* 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953) and *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984) clearly establish that HUD's decision regarding the appropriation and administration of funds is a discretionary function. *See, e.g., Brown v. United States,* 790 F.2d 199, 203 (1st Cir.1986). Thus the court finds that any claim brought by the plaintiffs on the basis that HUD failed to provide adequate funds to enable the Kansas Housing Authority to make safe the conditions and that HUD had a duty to authorize such funds as were necessary should be barred by the Federal Tort Claims Act, 28 U.S.C. § 2680(a).

In addition, defendant, United States, argues that it is only liable for the acts of its own employees and not the acts or omissions of the employees of the Housing Authority of Kansas City, Kansas. The Federal Tort Claims Act waives sovereign immunity only for damages "caused by the negligent or wrongful act or omission of any employee of the government...." 28 U.S.C. §§ 1346(b), 2671. Title 28 U.S.C. § 2671 defines an "employee of the government" to include officers or employees of any federal agency and persons acting on behalf of the federal agency in a capacity in the service of the United States. *See Perez v. United States,* 594 F.2d 280, 284 (1st Cir.1979).

In *Perez,* the court found that to recover under the Federal Tort Claims Act, the plaintiffs had to show negligence on the part of the employees of HUD or by establishing that the Corporacion de Renovacion Urbana Y Vivienda [CRUV] was in fact a federal agency and that its employees had been negligent. *Id.* at 283. The court held that the test of whether a government contractor [or a housing authority] is a federal agency would be determined by "the power

of the Federal Government 'to control the detailed physical performance of the contractor [or housing authority].' " *Id.* at 284 (quoting *United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976)). The court further stated that "[t]he issue 'is not whether the [alleged tortfeasor] receives federal money and must comply with federal standards and regulations, but whether its day-to-day operations are supervised by the federal government.' " *Id.* (quoting *Orleans* 425 U.S. at 815, 96 S.Ct. at 1976). In *Orleans*, the court found that neither establishing guidelines nor supplying federal aid, advice and oversight in order to insure that federal funds are not "diverted to unauthorized purposes" gives the government the day-to-day control over funded organizations that is a prerequisite to applicability under the Federal Tort Claims Act. 425 U.S. at 818, 96 S.Ct. at 1997.

The decision in *Staten v. Housing Authority of the City of Pittsburgh*, 638 F.2d 599, 603 (3d Cir.1980) is instructive in resolving the issue whether the Kansas City Housing Authority is a federal agency under the Federal Tort Claims Act. In *Staten* the court held that "the Pittsburgh Housing Authority is a creature of state law which, by federal law, has a unique relationship with the federal government. While a great deal of funding for the Housing Authority comes from the federal government, that funding alone does not establish an agency relationship between the Housing Authority and the federal government." The court concluded that the district court in that case erred in finding the local agency, on the basis of its receipt of federal funding, was an agency of the United States. The court did recognize that:

> Funding is certainly one indication of whether an Authority is an extension of the United States; it is not, however, determinative. We must also consider the Agency's exclusive control over the federal grant funds, its freedom from federal involvement or control over the daily management and operation of the Authority, and the fact that the Housing Authority was created by and continues

to be governed in accordance with state law.

*Id.* at 604.

After reviewing the uncontroverted facts in this case, the statutory authority and case law, the court finds that the Kansas City Housing Authority cannot be considered to be an employee of the federal government within the meaning of the Federal Tort Claims Act. Thus, our final determination must be whether HUD and its employees were themselves negligent, as the plaintiffs cannot recover from the United States for any negligence on the part of the Kansas City Housing Authority. In *Perez v. United States*, 594 F.2d 280–287 (1st Cir.1979), the First Circuit rejected the plaintiff's argument that HUD's failure to inspect according to its own standards for providing safe, decent, sanitary conditions of its ultimate tenants and its authority to exercise control over the project gave rise to a duty to ensure the safety of the project's tenants. *Id.* at 286–287. The court found that HUD's interest in inspecting was to guarantee compliance with the applicable contracts. Its employees were not conducting general safety inspections, but were at the site to ensure that the project was built according to plans to protect HUD's financial interest. *Id.* at 287. The court concluded that "[a]s HUD merely reserved the right to inspect without more, it did not incur any duties to ... CRUV's tenants—to discover any problems with the ... construction." *Id.* at 287–288.

Similarly, this court concludes that HUD exercised no control over the daily management and operation of the Kansas City Housing Authority or the project at issue. Its reservation of a right to inspect the premises did not create a duty to protect the safety and welfare of all the tenants in the project. Mere existence of federal funding by HUD and resulting federal regulations under the low-rent housing act, 42 U.S.C. § 1437 *et seq.*, without control over the daily management and operation of the Authority does not make HUD or the United States liable for damages under the Federal Tort Claims Act. The court also finds that the contractual relationship be-

tween the defendant Kansas City Housing Authority and HUD does not impute federal agency status on the Kansas City Housing Authority under the Federal Tort Claims Act. The court therefore finds that defendant United States' motion for summary judgment on the basis that plaintiffs' claim against it is barred by the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* should be granted.

IT IS BY THE COURT THEREFORE ORDERED that defendant United States Department of Housing and Urban Development's motion to dismiss is hereby granted. IT IS FURTHER ORDERED that defendant United States' motion for summary judgment is hereby granted. IT IS FURTHER ORDERED that defendant Kansas City Housing Authority's motion to dismiss is hereby denied.